**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
DEBORA BAYNE,
and all others similarly-situated,

                                    Plaintiffs,                         **SUMMARY ORDER**

          - against -                                                   18-CV-3591 (MKB) (RER)

NAPW, INC. d/b/a National Association of
Professional Women, and PROFESSIONAL
DIVERSITY NETWORK, INC. d/b/a International
Association of Women,

                                    Defendants.
------------------------------------------------------------------

**RAMON E. REYES, JR., U.S.M.J.:**

Debora Bayne ("Bayne" or "Plaintiff") brings this action on behalf of herself and other

similarly situated individuals currently and formerly employed as sales representatives by NAPW,

Inc. d/b/a National Association of Professional Women ("NAPW") and Professional Diversity

Network, Inc. ("PDN") d/b/a National Association of Professional Women and d/b/a International

Association of Women ("IAW") (collectively "Defendants") alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), §§190

*et seq.* (Dkt. No. 1 ("Compl.")). Plaintiff has moved pursuant to FLSA § 216(b) to conditionally

certify a collective action and to distribute notice to putative collective action members. (Dkt. No.

20; Dkt. No. 20-10 ("Pl.'s Mem. Supp.")). Defendants oppose the motion. (Dkt. No. 23, ("Defs.'

Opp'n Mem.")).  For the following reasons, the motion is granted and the proposed notice to

putative collective action members is approved.

**BACKGROUND**

NAPW and PDN operate a for-profit women's business networking organization that

makes money, in part, by selling memberships over the telephone. (Compl. ¶¶ 9, 13, 44;

1

Declaration of Marie Bartolotti, Dkt. No. 21 ("Bartolotti Decl.") ¶ 2). Bayne worked as a sales representative for NAPW from 2009 until approximately February 14, 2018. (Compl. ¶ 8; Declaration of Debora Bayne, Dkt. No. 20-2 ("Bayne Decl.") ¶ 2). She sold memberships to NAPW and IAW over the telephone and was paid a flat salary plus commissions. (Compl. ¶¶ 44, 49; Bayne Decl. ¶ 3, 6). NAPW divides its sales representatives into two groups: New Member Sales Representatives ("NM Reps") and VIP Sales Representatives ("VIP Reps"). (Bartolotti Decl. ¶ 8). During the statutory period, Bayne worked for both groups and was always paid the same way—a flat salary plus commissions. (Bayne Decl. ¶ 4, 9). Bayne alleges that she typically worked Monday through Friday from 8:30am until 7:00pm. (Compl. ¶ 45; Bayne Decl. ¶ 5). Although she typically exceeded fifty hours per week, she was not paid for her overtime. (Compl. ¶¶ 46-47). Bayne claims that it was the Defendant's policy to pay all sales representatives a salary plus commissions, rather than an hourly rate. (Compl. ¶ 52; Bayne Decl. ¶ 14). She alleges that sales representatives regularly worked more than forty hours a week without receiving overtime compensation, as required by the FLSA and NYLL. (Compl. ¶¶ 53-54).

**DISCUSSION**

A. Conditional Certification

Section 216(b) of the FLSA permits a collective action suit, wherein an employee asserts claims on behalf of herself and "other employees similarly situated." The Second Circuit has endorsed a two-step process to determine whether to certify a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). Generally, the court examines "whether putative plaintiffs are similarly situated at an early 'notice stage' and then again after discovery is largely complete." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citation

omitted).  Here, Plaintiff moves for conditional certification and judicial notice at the early "notice stage."

At this preliminary stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff[] with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted).  Where, as here, defendants allege that the plaintiffs are exempt employees, plaintiffs moving for conditional certification must show that "there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." *Id*. (citation and quotation marks omitted). "If the employees are similarly situated in these material respects, 'any factual variances that may exist between the plaintiff and the putative class [will] not defeat conditional class certification.'" *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007)).

In determining whether conditional certification is appropriate, "the court does not resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Lynch,* 491 F.Supp.2d at 368 (citation omitted). Because the evidence is generally limited at this stage in the litigation, plaintiffs need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (citation and quotation marks omitted). The factual showing for conditional certification is a "lenient one" but "even if modest, must still be based on some substance." *McGlone*, 867 F. Supp. 2d at 443 (citations omitted); *see also Myers*, 624 F.3d at 555 ("The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it

3

should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist.") (citations omitted). At this early stage, Bayne does not have to prove the FLSA violation or prove that all potential collective members will eventually be certified. *See Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

      i.      *Sufficiency of Plaintiff's Evidence*

Under this lenient standard, courts regularly grant conditional certification based on employee affidavits setting forth an employer's failure to pay overtime and identifying similarly situated employees by name. *See Cano v. Four M Food Corp.,* No. 08-CV-3005 (JFB)(AKT), 2009 WL 5710143, at *6 (E.D.N.Y. Feb. 3, 2009) (granting conditional certification based on "statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay, and the opt-in plaintiffs' affidavits attesting to the same"). Here, Plaintiff has submitted sworn declarations by herself and two other NAPW employees who worked as sales representatives during the same time. (Bayne Decl.; Declaration of Melanie Farris, Dkt. No. 20-3 ("Farris Decl."); Declaration of Donna Lind, Dkt. No. 20-4 ("Lind Decl.")).

All three statements allege that NAPW paid its sales representatives a weekly salary plus commissions and failed to pay overtime, even though employees regularly worked more than forty hours per week. (Bayne Decl. ¶¶ 5-8; Farris Decl. ¶¶ 4-7; Lind Decl. ¶¶ 4-7). Bayne lists, by name, eight other coworkers with whom she discussed working more than forty hours per week without overtime compensation, and she alleges that she also overheard her supervisors discussing NAPW's failure to pay proper overtime. (Bayne Decl. ¶¶ 14-15). Additionally, both Bayne and Farris received payments in 2012 as part of a consent judgment following a Department of Labor investigation into overtime violations at NAPW. (Bayne Decl. ¶ 12; Farris Decl. ¶ 10; *see also*

Consent Judgment, Solis v. NAPW, Inc., No. 12-cv-568, (E.D.N.Y. February 10, 2012) (attached here as Dkt. No. 20-5)). They both claim that the payment structure for sales representatives has not changed since that investigation and that sales representatives still do not receive overtime. (Bayne Decl. ¶ 13; Farris Decl. ¶ 11). Furthermore, Farris submits a small sample of paystubs that tend to suggest that she would not be exempt from overtime under Section 207(i) of the FLSA, commonly known as the commissioned salesperson exemption, because less than half of her total pay comes from commissions. (Dkt. No. 20-6 ("Farris Paystubs")); *see also* 29 U.S.C. §207(1). This combined evidence is enough to demonstrate both a factual nexus between Bayne and the potential collective and the existence of a common policy that potentially violates the FLSA. *See Myers*, 624 F.3d at 555; *Jackson,* 298 F.R.D. 158. Accordingly, Plaintiff has met the minimal evidentiary burden at this stage.

      *ii.      Defendants' Objections to Conditional Certification*

      Defendants object to Bayne serving as the lead plaintiff, and they object to a collective that includes all sales representatives. (Defs.' Opp'n Mem. at 12). Defendants argue that Bayne is not a good representative of a putative collective because she was promoted to VIP Rep in April of 2016, where she consistently made a higher salary than a NM Rep. (Defs.' Opp'n Mem. at 6; Bartolotti Decl. ¶ 19). Defendants argue that because she made a higher salary, she was exempt from overtime pursuant to Section 207(i). (Defs.' Opp'n Mem. at 12); 29 U.S.C. § 207(i). They claim that even when Bayne was working as a NM Rep, she was making enough in commissions to qualify for the exemption. (Defs.' Opp'n Mem. at 12). Further, Defendants claim that it would be inappropriate to group all sales representatives together because the VIP Reps were governed by different policies, performed different roles, and have a different salary structure. (Defs.' Opp'n Mem. at 12-14).

At this early notice phase, I decline to address the merits of the case. *See Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."). The relevant inquiry is whether the Plaintiff is similarly situated to other putative class members who were subject to policies that may have violated the law. *Myers*, 624 F.3d at 555. Courts determine whether plaintiffs are similarly situated, in part, by examining their job duties and responsibilities. *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 354 (S.D.N.Y. 2017). However, even where job duties differ, conditional certification may be appropriate if all members of the putative class were subject to a common policy that violated the law. *See Summa v. Hofstra Univ.,* 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010).

Defendants contend that Bayne has different job responsibilities than other sales representatives because as a VIP Rep she could communicate with clients over email, she could negotiate membership rates, and she made a higher base salary and a higher commission. (Defs.' Opp'n Mem. at 16).  However, neither party disputes that the crux of her job, like all sales representatives, was selling memberships to the NAPW and IAW. Bayne may have had better tools and higher rewards as a VIP Rep, but her basic responsibility was the same as a NM Rep. Further, neither party disputes that all sales representatives were paid a set salary plus commission. (Dkt. No. 25 ("Pl.'s Reply Mem.") at 4; Bartolotti Decl. ¶ 8). Plaintiff contends that this common pay structure, which did not include overtime compensation, violated the FLSA. (Compl. ¶¶ 53-54). Even if VIP Reps were to be excluded as a class, which the Court is not inclined to do at this time, Bayne worked as a NM Rep during the statutory period (June 20, 2015, until April 29, 2016) and thus could adequately represent the claims of NM Reps. (Bartolotti Decl. ¶ 19). Bayne has met her

low burden of establishing that she and other sales representatives, including both NM Reps and VIP reps, are similarly situated employees. *See Pippins v. KPMG LLP*, No. 11-CV-0377 (CM) (JLC), 2012 WL 19379, at *8 (S.D.N.Y. Jan. 3, 2012).

Whether Bayne or any other NAPW sales representatives is an exempt employee is an affirmative defense that the Defendants have the burden to prove. *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002). To meet this burden here, Defendants must show that they are a retail or service establishment, that each employee's regular rate of pay exceeds one and one-half times the minimum wage, and that "more than half [each employee's] compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C.A. § 207(i) (West 2010).  As there are clear facts in dispute regarding the exempt status of any NAPW sales representative, including Bayne, the possibility of an exemption should not preclude notice to the putative collective. *Viriri*, 320 F.R.D. at 354 ("Where there are no differing job responsibilities among members of a proposed class, denial of conditional certification is not appropriate merely because of the possibility that the defendant may argue that the class members are exempt from overtime requirement."); *Pippins*, 2012 WL 19379, at *8 (S.D.N.Y. Jan. 3, 2012) (holding that conditional certification may be appropriate even where the alleged exemption is determined based on an individual, fact-specific inquiry).  Thus, the Plaintiff's motion for conditional certification is granted.

B.  Equitable Tolling of the FLSA Statute of Limitations

Bayne initially asked the Court to toll the FLSA's statute of limitations for potential plaintiffs from September 14, 2018, the date they filed their motion, until the deadline for potential plaintiffs to opt-in to this action. (Pl.'s Mem. Supp. at 17). Because Bayne alleges a willful violation of the FLSA, the applicable statute of limitations would be three years. (Compl. ¶ 71);

29 U.S.C. § 255.

In FLSA collective actions, the limitations period for each putative plaintiff continues to run until they opt-in to the action. 29 U.S.C. § 256(b); *see Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT) (SMG), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011). However, equitable tolling of the limitations period may be available in extraordinary circumstances or to avoid inequities. *Yahraes,* 2011 WL 844963, at *2. A court deciding whether such circumstances exist must give "due consideration to whether the plaintiffs have acted with reasonable diligence in pursuing their claims and whether the circumstances are extraordinary enough to warrant equitable relief." *Jackson*, 298 F.R.D. 170.

Plaintiff has acted with reasonable diligence, serving the motion for conditional certification less than one month after the answer was filed. (Dkt. No. 20); *see Cabrera v. Stephens*, No. 16-CV-3234 (ADS) (SIL), 2017 U.S. Dist. LEXIS 160044, at *7 (E.D.N.Y. Sept. 28, 2017). Further, courts in the Second Circuit regularly permit equitable tolling during the pendency of a motion for conditional certification. *Jackson*, 298 F.R.D. at 170-171; *see also Garriga v. Blonder Builders Inc.*, No. 17-CV-497 (JMA) (AKT), 2018 WL 4861394, at *11 (E.D.N.Y. Sept. 28, 2018) (listing cases). Accordingly, the Court will toll the FLSA statute of limitations from September 14, 2018, the date the motion was served, until November 29, 2018, the date of this decision—102 days. *See Cabrera*, 2017 U.S. Dist. LEXIS 160044, at *7.

C. <u>Proposed Notice</u>

The parties have met and conferred and agreed to a proposed notice. (Dkt. No. 24, Exhibits F-H). The Court approves the proposed class:

> All current and former employees of NAPW, Inc. and Professional Diversity Network, Inc. who worked as sales representatives selling memberships to the National Association of Professional Women or International Association of Women from [THREE YEARS PRIOR TO THE ORDER] through the present.

(Dkt. No. 24). The Court has also reviewed and approves the Notice of Lawsuit and Consent to Join Form. (Dkt. No. 24, Exhibits F-G). Additionally, the parties have agreed to the following:

> Within fifteen days after entry of this Order, Defendants shall furnish to Plaintiffs' counsel with a list containing the names and last known address of all individuals employed by Defendants as sales representatives for the period from [November 29, 2015] through the present. This mailing list is to be furnished in electronic form and shall be treated by the Parties as confidential. Putative Opt-In Plaintiffs shall have forty-five days from the date the notice is mailed to file a Consent Form with the court ("Bar Date"). There shall be a fifteen (15) day grace period for putative Opt-In Plaintiffs whose Notice of Lawsuit and Consent Form are returned because of an incorrect mailing address ("Grace Period"). Consent Forms mailed to Plaintiffs' Counsel that are postmarked on or before the Bar Date (or Grace Period if bona fide late claim) shall be filed with the Court by Plaintiffs' counsel within seven (7) days of the Bar Date or Grace Period.

(Dkt. No. 24, Exhibit H). The Court approves this schedule for notice and consent.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for conditional certification and equitable tolling is granted. Defendants will have fifteen days to furnish to Plaintiffs' counsel a list containing the names and last known address of all individuals employed by Defendants as sales representatives for the period from November 29, 2015 through the present. Plaintiff will have thirty days from the date of this order to mail a copy of the notice to putative class members, and barring the exceptions discussed above, Plaintiff will have forty-five days to file any notices of consent with the Court.

SO ORDERED.

_____/s/_____
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: November 29, 2018
Brooklyn, NY

9