UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ X
DEBORA BAYNE, and all other persons similarly situated,

                Plaintiff,

-against-

NAPW, INC. d/b/a National Association of Professional Women and d/b/a International Association of Women, and PROFESSIONAL DIVERSITY NETWORK, INC. d/b/a National Association of Professional Women and d/b/a International Association of Women,

                Defendants.
------------------------------------------------ X

DECLARATION OF MARK S. **MULHOLLAND**

18-CV-3591 (MKB) (RER)

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NASSAU    )

MARK S. MULHOLLAND, an attorney duly admitted to practice law before the Courts of the State of New York, declares under penalty of perjury pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am a shareholder in Ruskin Moscou Faltischek, P.C. ("RMF"), attorney for defendants NAPW, Inc. d/b/a National Association of Professional Women and d/b/a International Association of Women, and Professional Diversity Network, Inc. d/b/a National Association of Professional Women and d/b/a International Association of Women.

2. I submit this affidavit in support of RMF's Motion for Leave to Withdraw as Counsel pursuant to Local Civil Rule 1.4, and to stay this case for 30 days to permit defendants to obtain substitute counsel.

3. Local Civil Rule 1.4, which governs motions for leave to withdraw as counsel, provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

4. Non-payment of counsel fees is a proper basis for withdrawal. *See e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.,* 08-cv-6469, 2011 WL 672245 (S.D.N.Y. February 17, 2011), and *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC,* 08-cv-9892, 2009 WL 4035642 (S.D.N.Y. November 23, 2009).

5. Defendants here have failed to pay RMF as required by defendants' written engagement agreement. RMF undertook this engagement with an understanding that defendants would pay RMF's regular monthly invoices, on time, each month, on a going forward basis. Defendants however have failed to pay the amounts due for our work on this case, despite repeated requests.

2

6. Other details supporting this application and constituting the grounds warranting withdrawal pursuant to the governing rules of professional conduct, set forth at Section 1.16 of the New York Code, may be disclosed in camera if the Court deems it necessary and appropriate, so as not cause any prejudice to defendants.

7. Because a trial date has been not scheduled in this case, it is respectfully submitted that withdrawal will not delay unreasonably the forward progress of this case.

**WHEREFORE**, the undersigned respectfully requests an order permitting Ruskin Moscou Faltischek, P.C. to withdraw as counsel of record for defendants as set forth above along with such other, further and different relief as the Court deems just and proper.

Dated: Uniondale, New York
April 1, 2019

_____
MARK S. MULHOLLAND