

DINSMORE & SHOHL LLP
227 W. Monroe Street ^ Suite 3850
Chicago, IL 60606
www.dinsmore.com

Johner T. Wilson III
(312) 837-4306 (direct) · (312) 372-6085 (fax)
JT.Wilson@dinsmore.com



December 3, 2019

Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
Courtroom 2E N
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Bayne, et al. v. NAPW, Inc. et al*.
Case No.: 1:18-cv-03591-MKB-RER

Dear Magistrate Judge Reyes,

Pursuant to Local Civil Rule 37.3, National Association of Professional Women, Inc. ("NAPW") and Professional Diversity Network, Inc. ("PDN"), collectively Defendants, hereby notify the Court of a discovery dispute between the Defendants and Plaintiffs (collectively, the "Parties"). The Parties conferred in person on November 6, 2019 in an attempt to resolve the dispute. However, the Parties were unable to reach a resolution on the issue of opt-in Plaintiff, Melanie Farris' claim of attorney-client privilege over a prior communication. Accordingly, Defendants submit this letter brief and respectfully requests judicial intervention with respect to the discovery dispute.

1.  **Nature of the Dispute**

On November 6, 2019, Defendants took the deposition of opt-in Plaintiff Farris, a former employee of NAPW. *See* Exhibit A, *Excerpt of Transcript of Deposition Testimony of Melanie Farris dated November 6, 2019*. During the deposition, Ms. Farris testified that she was involved with initiating the litigation against NAPW. Ex. A, 104:24-105:7. Ms. Farris stated that she was referred to her current counsel of record by another attorney from Levittown, New York named "Joseph," but she did not know Joseph's last name. *Id*., 105:13-16. She testified that she spoke with Joseph regarding her issues and that the communication was via telephone while cooking Passover dinner in 2018. *Id.*, 105:22-106:1. The call lasted about 30 minutes. *Id.*, 107:20-108:4. She testified that the conversation took place in the kitchen of her apartment, while her three children (ages 12, 13, and 22) were in the adjacent living room. *Id*., 111:3-21; 113:13-17. The kitchen and living room are not separated by any walls. *Id*., 113:15-17.

There was no agreement between Plaintiffs' counsel and Joseph regarding the representation of Ms. Farris. *Id.*, 106:11-15. However, Plaintiffs' counsel asserted that because

Joseph was an attorney and Ms. Farris went to Joseph about a legal issue, the communication was privileged. *Id.*, 106:19-22. Ms. Farris could not provide a last name, phone number or the name of the law firm for Joseph. *Id.*, 107:3-13. Defense counsel asked if Joseph gave Ms. Farris legal advice and Plaintiffs' counsel objected on the grounds of attorney client privilege. *Id.*, 108:6-7. Defense counsel clarified that he was simply asking whether or not she received legal advice, a yes or no question. *Id.*, 108:9-12. Despite the narrow scope of the question, Plaintiffs' counsel instructed Ms. Farris not to answer. *Id.*, 109:15-110:8.

Defendants' are entitled to an answer to determine whether privilege properly applies.

2. **Argument and Authorities**

A. **Plaintiff bears the burden of proving that privilege applies.**

"The party asserting the privilege bears the burden of establishing that facts exist to support the claim of privilege." *In re in re Minebea Co.*, 143 F.R.D. 494, 502 (S.D.N.Y. 1992). "The privilege applies only if: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *Weil Ceramics & Glass, Inc. v. Work*, 110 F.R.D. 500, 503 (E.D.N.Y. 1986) (citing *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950).)

Further, Local Rule 26.2 provides, in pertinent part:

> (2) The following information shall be provided in the objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of such information would cause disclosure of the allegedly privileged information:
> . . .
> (B) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

Here, Plaintiffs' counsel asserted the attorney-client privilege and instructed Ms. Farris not to provide a response as to whether Joseph provided her with legal advice. However, neither Plaintiff Farris nor her counsel has meet their burden. First, there is no evidence that Joseph was an attorney beyond Plaintiff's self-serving and evasive testimony. Second, because Ms. Farris was instructed not to answer the question, there is also no evidence that Joseph provided legal advice. Notably, Plaintiffs' counsel's instruction is in violation of L.R. 26.2(2)(B)(iii). Unless the conversation was for the purpose of securing legal advice or a legal opinion, it is not privileged. Instead, it is simply a conversation with a third party regarding the subject matter of this litigation, and Defendants are entitled to ask questions and obtain information regarding the communication. (Fed. R. Civ. P. 26(b)(1) ["Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . ."]

### B. Alternatively, if the privilege applies, Ms. Farris waived the privilege

Moreover, even if Ms. Farris establishes privilege, it is Defendants' position that the attorney-client privilege was waived.

"Although communications between client and counsel relating to legal advice are generally privileged, the privilege is waived where such communications are made . . . in the known presence of a third party." *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 70-71 (S.D.N.Y. 2009) (internal citations omitted). Case law holds that a waiver can occur even if the third party is a relative of the client. *See, e.g., United States v. Stewart*, 287 F.Supp.2d 461, 464 (S.D.N.Y. 2003) (finding waiver of privilege when defendant disclosed protected material to a non-lawyer family member). When the third person is a relative of the client, "the focus is on whether the client reasonably understood the conference to be confidential… [and] whether the presence of the relative… was reasonably necessary for the protection of the client's interests in the particular circumstances." *Charal v. Pierce*, No. CV-81-0042, 1981 U.S. Dist. LEXIS 17497, at *29 (E.D.N.Y. Nov. 3, 1981) (citing McCormick, Evidence § 91 at 189) (internal quotations omitted). Further, courts find waiver where the client fails to take all reasonable precautions to ensure confidentiality. *Bower v. Weisman*, 669 F. Supp. 602, 605-06 (S.D.N.Y. 1987).

Here, Ms. Farris' call with Joseph took place in the presence of her children. Her decision to make the phone call with third-parties (her children) in the vicinity does not demonstrate a reasonable belief that the conversation would be confidential and constitutes a failure to take all reasonable precautions to ensure confidentiality. Ms. Farris' children are neither employees/former employees of NAPW, nor involved in the lawsuit. And, the children's presence was not reasonably necessary for the protection of Ms. Farris' interests. Therefore, even if the communication between Ms. Farris and Joseph was privileged, Ms. Farris waived the privilege by conducting the call in the presence of her children.

### 3. Conclusion

Based on the foregoing, Defendants respectfully request that this Court order Ms. Farris to answer questions germane to the context and/or content of the conversation between her and Joseph. Minimally, Defendants are entitled to explore whether the conversation was actually privileged. Further, Defendants respectfully request that this Court find that, if the privilege does exist, Ms. Farris waived the privilege based on the lack of preservation of confidentiality of the communication.

Respectfully submitted,

Johner T. Wilson III of
Dinsmore & Shohl LLP

JTW: rb

Enclosure: Exhibit A – Excerpt of Deposition Testimony of Melanie Farris

15668284.1