

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
www.vandallp.com

**Jack L. Newhouse Esq.**
Partner
jnewhouse@vandallp.com

December 6, 2019

**VIA ECF**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Debora Bayne, et al. v. NAPW, Inc., et al.*
           18-CV-3591 (MKB)(RER)

Dear Judge Reyes:

      This firm represents Named Plaintiff Bayne, Opt-in Plaintiffs, and putative class members (collectively "Plaintiffs") in the above referenced wage and hour litigation. I write in response to the pre-motion conference letter filed by Defendants National Association of Professional Women, Inc. and Professional Diversity Network, Inc. ("Defendants") on December 3, 2019.

      Defendants request that the Court order opt-in plaintiff Melanie Farris to respond to the question "did Joseph give you legal advice?" In support of their request, Defendants argue that (1) her communication with Joseph was not privileged and (2) even if it was privileged, Ms. Farris waived privilege.

      Regardless of whether Defendants are entitled to a response from Ms. Farris, the value of the information is minimal and far outweighed by the time and resources that will be expended on this application.[1] Ms. Farris strongly maintains that she is not required to disclose whether Joseph gave her legal advice. Nevertheless, she has agreed to respond to the question to avoid the time and expense of motion practice. On December 5, 2019, I informed counsel for Defendants by e-mail that Ms. Farris has agreed to disclose that Joseph gave her legal advice and

---

[1] Defendants are trying to discover what Ms. Farris said to the first attorney she approached regarding her issues with Defendants. Even if the Court ordered Ms. Farris to disclose the substance of her privileged conversation with an attorney, it is not clear what Defendants expect to gain from this information. Defendants' counsel already asked Ms. Farris about the underlying facts of her claim during her deposition.



requested that Defendants withdraw their application. Defendants' counsel responded that they would not withdraw the application because the disclosure was insufficient to resolve the dispute. In response, I asked Defendants what they propose would resolve the dispute. Defendants have not proposed a resolution.

**I.      There is No Further Discovery Dispute that Requires Court Intervention**

In their "conclusion," Defendants request that the Court (1) "order Ms. Farris to answer questions germane to the context and/or content of the conversation between her and Joseph" or, at the very least, "explore whether the conversation was actually privileged," and (2) find that Ms. Farris waived privilege.  The only discovery dispute at issue, however, is Ms. Farris's refusal to respond to the question "did Joseph give you legal advice?"  Defendants have not identified any other question that Ms. Farris refused to answer on the grounds of privilege.  Without any active controversy, there is no reason for the Court to determine whether the communications with Joseph were privileged or, alternatively, waived.

**II.     Ms. Farris's Communication with Joseph is Privileged**

Ms. Farris testified that she and Named Plaintiff Deborah Bayne had decided to file a lawsuit and Ms. Farris then spoke to an attorney named Joseph about her issues with Defendants on Passover of 2018.  Joseph then recommended that Ms. Farris contact Virginia & Ambinder, LLP.  Accordingly, Ms. Farris provided the name of the person she spoke with, she testified that he was an attorney at a law firm in Levittown, she testified to the approximate date of the conversation, the location of the conversation, and the general subject matter of her communication with the attorney. Clearly, she was speaking to Joseph to *obtain* legal advice.  Any further inquiry into the subject matter of her communications with Joseph is privileged and confidential. *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 418 (2d Cir. 2007) ("The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance.").

**III.    Ms. Farris Did Not Waive Privilege**

When assessing whether a privilege is waived, courts should be "mindful that 'rules which result in the waiver of this privilege and thus possess the potential to weaken attorney-client trust, should be formulated with caution.'"  *Martin v. Giordano*, 2016 U.S. Dist. LEXIS 59940, at *6-7 (E.D.N.Y 2016) (quoting *Pritchard v. County of Erie (In re County of Erie)*, 546 F.3d 222, 228 (2d Cir. 2008)).

Defendants assert that Ms. Farris waived privilege because she spoke to Joseph in the "presence of her children."  This is not supported by the record.  Ms. Farris had three children in the house at the time she spoke to Joseph on the phone, ages 12, 13 and 22.  The 22-year old has autism. Ms. Farris testified that she spoke to Joseph on the phone in the kitchen while her kids were in the living room.  Accordingly, no one was present when Ms. Farris was speaking to Joseph.



Furthermore, to find Ms. Farris waived privileged under these circumstances would be deeply inequitable. She is a single mother who lives in a small townhouse with four dependent children, three minors and one non-minor with autism. Perhaps Defendants would suggest Ms. Farris hide in the bathroom each time she speaks to an attorney on the phone to ensure she is taking all reasonable precautions that her conversation is perfectly private. Under the circumstances, it is completely unreasonable to find Ms. Farris waived privilege when her children were in a different room during her conversation with an attorney.

***

In light of the foregoing, the only discovery dispute raised by Defendants has been resolved. Neither the Court nor the parties need waste any further time and resources on this matter. Any remaining requests by Defendants should be denied as premature.

Respectfully Submitted,

/s/Jack L. Newhouse, Esq.

cc: Johner T. Wilson III, Esq. (via ECF)