UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORA BAYNE, and all other persons similarly situated,<br><br>Plaintiff,<br><br>– against –<br><br>NAPW, INC. *d/b/a* National Association of Professional Women and *d/b/a* International Association of Women, and PROFESSIONAL DIVERSITY NETWORK, INC. *d/b/a* National Association of Professional Women and *d/b/a* International Association of Women,<br><br>Defendants. | No. 18-CV-3591 (MKB) (RER)<br><br>Hon. Margo K. Brodie<br>Hon. Ramon E. Reyes, Jr. |

**DEFENDANT NAPW, INC. d/b/a
NATIONAL ASSOCIATION OF PROFESSIONAL WOMEN AND
d/b/a INTERNATIONAL ASSOCIATION OF WOMEN, AND PROFESSIONAL
DIVERSITY NETWORK, INC. d/b/a NATIONAL ASSOCIATION OF PROFESSIONAL
WOMEN AND d/b/a INTERNATIONAL ASSOCIATION OF WOMEN'S
MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), National Association of Professional Women, Inc. ("NAPW") and Professional Diversity Network, Inc. ("PDN") (separately "Defendant" and collectively "Defendants"), moves for a protective order to prohibit witnesses from attending other witnesses' depositions, discussing their deposition testimony with other witnesses, and reading other witnesses' deposition transcripts, and to prevent Plaintiffs' counsel from informing witnesses about the substance of the deposition testimony of any other witness until after the witness (with whom such discussions are had) has been deposed. In support of this motion, Defendants states as follows:

1

# INTRODUCTION

On November 5, 2019, Defendants NAPW, Inc. and PDN, Inc. took the deposition of named Plaintiff Debora Bayne. Opt-in plaintiff Melanie Farris was scheduled to be deposed on November 6, 2019. However, on November 5, 2019, prior to her own deposition and over Defendants' objection, Ms. Farris attended the deposition of Ms. Bayne. *See Transcript of Deposition Testimony of Melanie Farris dated November 6, 2019,* 12:9-11, attached as **Exhibit A**; and *Transcript of Deposition Testimony of Debora Bayne dated November 5, 2019,* 2:13 and 4:15-20, attached as **Exhibit B**.

Defendants believe permitting witnesses who have not taken their depositions to attend other witnesses' depositions is inappropriate, and unnecessarily taints the pursuit of truth through the legal system. First, by attending depositions of other witnesses, the witnesses yet to be deposed are likely to use the experience to improperly adjust and/or otherwise tailor their own testimony. Second, Plaintiff Bayne and Opt-in Plaintiff Farris are close friends, and have actively sought to engage each other, and solicit the participation of other former employees of Defendant, through a distorted sense of camaraderie. Third, equity and fairness requires that witnesses testify only to matters within their independent recollections, without any influence from statements made from other witnesses. And, witnesses who were asserting their positions, opinions or thoughts to other witnesses should not attend depositions for the sake of justice and fairness, to avoid undue prejudice to Defendants.

# ARGUMENT

Fed. R. Civ. P. 26(c)(1) states that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... designating the persons who maybe present while the discovery is conducted ....".

Also, it is well settled that a court may issue a protective order to sequester witnesses from a deposition. Fed.R.Civ.P. 26(c)(5); *Dade v. Willis*, 1998 U.S. Dist. LEXIS 5941, No. 95-6869, 1998 WL 260270 (E.D. Pa. Apr. 20, 1998); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). In excluding parties from a deposition, the court will do so only upon a showing of "extraordinary circumstances." *Dade*, at *1. "In making this determination, courts must engage in detailed analyses of the circumstances of the parties and issues involved, and require a specific showing of good cause by the movant." *Id*. (citing *Galella*, at 997; *BCI Commun. Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 160 (N.D. Ala. 1986); *Kerschbaumer v. Bell*, 112 F.R.D. 426, 426-27 (D.D.C. 1986)).

In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Buehrle v. City of O'Fallon, MO*, 2011 U.S. Dist. LEXIS 11972, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011). Also, the court may find a showing of "good cause" "upon a specific showing that some harm or prejudice might occur to a party or the deponent through the disclosure of secret or sensitive information learned by virtue of their attendance." *Bell ex rel. Estate of Bell v. Board of Educ. of County of Fayette*, 225 F.R.D. 186, 196 (S.D. W.V. 2004). Further, essential to the determination of good cause involves credibility and trustworthiness:

> Sequestration will deny to the dishonest witness the advantage of observing the experience of other witnesses as they give their testimony on direct examination and are confronted with contradictions or evasions under cross-examination. At the least, it will make available the raw reactions and the individual recollection of each witness unaided by the stimulation of the evidence of any other witness.
>
> *Smith v. Ramsey*, No. 2:13-cv-00326, 2016 U.S. Dist. LEXIS 70434, at *23 (E.D. Pa. May 31, 2016) (citing *Dunlap v. Reading Company*, 30 F.R.D. 129 (E.D. Pa. 1962)).

Here, Defendants seeks this protective order because of a high risk that the witness' testimony may be influenced, even unintentionally, if they were allowed to attend the other

witnesses' deposition. Providing yet to be deposed witnesses the advantage of observing the experience of other witnesses, is highly prejudicial and detrimental to the Defendants.

Ms. Farris testified at her deposition that she encouraged other former employees of NAPW to participate in the lawsuit by contacting them. (Farris Dep. 101:6-103:21). One of the former employees Ms. Farris contacted was Ms. Bayne. (Farris Dep. 101:9-10). Ms. Farris discussed with Ms. Bayne about their paychecks from NAPW (Farris Dep. 113:22-14), and then decided to file this lawsuit (Farris Dep. 98:1-2). Particularly troubling is that Ms. Farris actively reached out to the potential plaintiffs to, at a minimum, encourage them to join this lawsuit. In so doing, it is reasonably likely that Ms. Farris also asserted her own personal position, thoughts and opinions while conversing with the other witnesses. As Ms. Farris has already played an essential role in this lawsuit, allowing her to attend Ms. Bayne's testimony provided Ms. Farris the ability to alter and/or otherwise modify her testimony. If the Court continues to allow witnesses to attend the depositions of other witnesses prior to each witness's own deposition, the likelihood that some witnesses will be influenced by the presence of other witnesses is reasonably certain. Some witness might not be able to express her/his/their own thoughts or opinions, or even state the facts as s/he/they recall them because of the unnecessary influence of, and exposure to, the testimony of another witness.

Moreover, the witnesses in this case have personal relationships with each other, having worked together for the Defendant. Specifically, Ms. Farris also stated on the record that "[t]he whole company were personal friends." (Farris Dep. 101:4-5). Ms. Farris also testified in her deposition that she was "very close" to Ms. Bayne, and that they even "share family circumstances." (Bayne Dep. 100:12-101:3). Such relationships can form a sense of camaraderie, loyalty and allegiance that can be unfair and prejudicial to the Defendants. *See*

*Dade*, at *2 (court considered relationship between parties and the fact that the matters were solely within the knowledge of the parties in granting protective order).

Notably, excluding witnesses may be necessary where it is clear a group of witnesses is trying to get its story down, see *Dunlap v. Reading Co.*, 30 F.R.D. 129, 131-32 (E.D. Padilla. 1962). Here, Ms. Farris testified in her deposition that the factual basis for this lawsuit was because her "paystubs reflect sometimes no hours, sometimes forty, never over forty." (Farris Dep. 94:8-9). However, before she filed this lawsuit, Ms. Farris discussed this alleged paystub issue with Ms. Bayne. (Farris Dep. 99:16-23). Ms. Farris also talked with several other former employees. (Farris Dep. 101:6-103:21). As such, Farris herself did not have all the facts, and by attending Ms. Bayne's deposition, Ms. Farris was able to put the pieces of the puzzle together for her own deposition. Moreover, since Ms. Farris has been talking with other former employees, it is likely she has substantial influence over the other witnesses and their anticipated testimony. The improper crafting of testimony will continue unless this Court enter the appropriate order.

The Defendants' further request that the witnesses (1) not be permitted to discuss their deposition testimony; (2) not be permitted to read the other deposition transcripts; and (3) that Plaintiffs' Counsel not discuss the substance of other depositions with the witnesses that have yet give their deposition testimony. These requests merely prohibit the indirect communication of information that the witnesses could obtain directly by attending the depositions of others. This protective order is necessary to preclude witnesses from influencing the testimony of other witnesses in a fashion that frustrates the truth seeking contemplated by the discovery process, to the detriment and prejudice of the Defendants.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests this Court to grant a protective order preventing witnesses from attending another witness's deposition, as well as providing

specific instruction for Plaintiffs' Counsel to ensure that witnesses shall not have the opportunity to review or otherwise be informed of the testimony given by another, until the subject witness's deposition is completed.

Dated: February 12, 2020                          Respectfully submitted,

                                                       DINSMORE & SHOHL LLP
                                                       Johner T. Wilson III (Pro Hac Vice)
                                                       Jessica Chang (Pro Hac Vice)
                                                       222 W. Adams Street, Suite 3400
                                                       Chicago, IL 60606
                                                       Ph: (312) 372-6060
                                                       Fx: (312) 372-6085
                                                       JT.Wilson@dinsmore.com
                                                       Jessica.chang@dinsmore.com
                                                       Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 12 day of February, 2020, I caused a copy of the foregoing Motion for Protective Order to be served on the counsel of record via the Court's CM/ECF system.

Jack Newhouse
Michele Moreno
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
jnewhouse@vandallp.com
mmoreno@vandallp.com
T 212 943 9080 | F 212 943 9082

_____
Johner T. Wilson III