

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
www.vandallp.com
**Jack L. Newhouse Esq.**
Partner
jnewhouse@vandallp.com

February 14, 2020

**VIA ECF**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Debora Bayne, et al. v. NAPW, Inc., et al.*
                     18-CV-3591 (MKB)(RER)

Dear Judge Reyes:

      This firm represents Named Plaintiff Bayne, Opt-in Plaintiffs, and putative class members (collectively "Plaintiffs") in the above referenced wage and hour litigation. I write in opposition to Defendants' February 12, 2020 Motion for a Protective Order, which seeks to prohibit witnesses from attending each other's depositions, discussing their deposition testimony with other witnesses, reading each other's deposition transcripts, and preventing Plaintiffs' counsel from informing witnesses about the substance of the deposition testimony of any other witness until after the witness (with whom the discussions are had) has been deposed.

      The witnesses that Defendants refer to are party Plaintiffs in this action. Defendants have deposed Named Plaintiff Bayne, Opt-In Plaintiff Melanie Farris, and recently noticed the depositions for six additional Opt-In Plaintiffs. Accordingly, the witnesses at issue are parties to the action. *See* 29 U.S.C. § 216(b) ("[n]o employee shall be a *party plaintiff* to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.") (emphasis added); *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) (holding that employees "become parties to a collective action *only* by filing written consent with the court.") (emphasis added).

      **I.**     **The Court Has Already Considered and Denied this Relief to Defendant**

      At the outset, this motion should be denied because Your Honor has already considered and denied a prior motion by Defendants to prevent Opt-In Plaintiffs from attending each other's depositions. On November 5, 2019, Defendants deposed Named Plaintiff Bayne and objected to the presence of Opt-In Plaintiff Melanie Farris, who was scheduled to be deposed the following day. The parties conferenced the issue with the Court via telephone. Defendants moved for a



protective order at that time and the Court denied that motion. [*See* Defendants' Motion, Ex. B, Deposition of Debora Bayne, 4:15-20 ("The parties had an opportunity to confer with the Court with respect to defendants' objection to the participation and attendance of the deposition by Miss Melanie Farris. The Court denied the defendants' motion for a protective order and so the parties will prepare to proceed.")]. The instant motion should likewise be denied.

**II. Defendants' Conclusory Allegations that the Opt-In Plaintiffs Will Be Influenced by Each Other's Testimonies is Not Sufficient Reason to Exclude Party Plaintiffs from Depositions**

Defendants must establish good cause for why the party Plaintiffs should be prevented from attending, or even discussing, each other's depositions. Defendants' conclusory allegation that the witnesses may be influenced by the testimony of other witnesses is not sufficient to warrant the drastic relief sought from this protective order. More than three months has passed since the depositions of Plaintiffs Bayne and Farris and Defendants have not sought any kind of protective order during that time. In the months that have passed, Bayne and Farris could have spoken about their depositions with any number of the other Opt-In Plaintiffs. Defendants' lack of urgency in making the instant motion demonstrates that Defendants are not facing any actual harm or prejudice from such communications.

"Courts have rejected requests for sequestration based on broad allegations that if witnesses attend the depositions of other witnesses, they will conform their testimony." *Ford Motor Co. v. Edgewood Props., Inc.*, 2010 U.S. Dist. LEXIS 75914 (D.N.J. 2010) (*citing Nyazie v. Kennedy*, 1998 U.S. Dist. LEXIS 10050 (E.D. Pa. 1998)); *see e.g., In re Terra International, Inc.*, 134 F.3d 302 (5th Cir. 1988) (conclusory allegation that witness would be inclined to protect each other through senses of "camraderie" insufficient to establish good cause); *United Incentives, Inc. v. Sea Gull Lighting Products, Inc*., 1991 U.S. Dist. LEXIS 14461, (E.D. Pa. 1991) (inchoate fear of influence upon deposition testimony does not establish good cause); *Kerschbaumer v. Bell*, 112 F.R.D. 426 (D.D.C. 1986) (mere assertion that credibility is risked if opposing party's were present at each others' depositions does not support granting of protective order); *Hamon Contractors, Inc. v. Dist. Court*, 877 P.2d 884, 888-889 (Colo. 1994) (applying federal law to substantively identical Colo. R. Civ. P. 26(c)(5) and denying sequestration). Moreover, Defendants have not provided any legal support for their position. The cases relied on by Defendants are inapposite police brutality cases that turned on the credibility of defendant police officers vs. plaintiff victims. The extraordinary circumstances in those civil rights cases are a far cry from the unpaid wage claims of former sales representatives. [*See* Def. Motion p. 3 citing to *Dade v. Willis*, No. 95-6869, 1998 U.S. Dist. LEXIS 5941 (E.D. Pa. Apr. 20, 1998); (where plaintiff alleged various civil rights violations caused by the brutality of two defendant police officers and credibility was critical, defendant officers were precluded from attending or discussing each other's depositions because it would lend them an advantage in bolstering each other's stories and eliminating inconsistencies) and *Smith v. Ramsey*, No. 2:13-cv-00326, 2016 U.S. Dist. LEXIS 70434, at *23 (E.D. Pa. May 31, 2016) (finding the same and relying on Dade)].



The circumstances of this case and the relationship between the Plaintiffs are not unique, and so by Defendants' logic, no plaintiff in any lawsuit could ever attend the deposition of another plaintiff. This directly contravenes the local rules for the Southern and Eastern Districts of New York which expressly state that "[a] person who is a party in the action may attend the deposition of a party or witness." Local Civil Rule 30.3. Fear that witnesses will know the questions they will be asked ahead of time, or confirm each other's testimony, does not rise to the level of an extraordinary circumstance. Indeed, it is respectfully submitted that to preclude the other party plaintiffs from attending, or even discussing, the depositions would cast a dangerous precedent in other cases where attorneys will demand that clients be excluded from participating in routine depositions. *See e.g. Kerschbaumer*, 112 F.R.D. at 427 (denying motion for protective order barring witnesses from depositions and noting that it could not "discover any principle to support granting plaintiffs' motion here but denying similar motions in the numberless other cases where credibility looms large. While the Court ordinarily disdains actions based on fear of a mythical "slippery slope," it sees no principled way to grant plaintiffs' motion and preserve the openness and procedural fairness so important to our system.").

Like in any wage and hour action collective or class action, the Plaintiffs here are similarly situated former co-workers. They were subject to the same payroll policies and practices and performed the same exact work. Many of these Opt-In Plaintiffs also worked in close quarters in the same office and had shared experiences. In other words, there is no secret or sensitive information about an Opt-In Plaintiffs' employment with Defendants that would give the remaining witnesses an unfair advantage against Defendants. In fact, much of the proof in this case will come from Defendants' own payroll records that plainly show a failure to pay overtime.

Accordingly, Defendants have not met their burden to justify a sequestration of the party Plaintiff witnesses in this action and the motion for a protective order should be denied. Thank you for your time and attention to this matter.

                                                    Respectfully submitted,

                                                    /s/Jack Newhouse