

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
www.vandallp.com

**Jack L. Newhouse Esq.**
Partner
jnewhouse@vandallp.com

March 2, 2020

**<u>VIA ECF</u>**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Debora Bayne, et al. v. NAPW, Inc., et al.*
                18-CV-3591 (MKB)(RER)

Dear Judge Reyes:

      This firm represents Named Plaintiff Bayne, Opt-in Plaintiffs, and putative class members (collectively "Plaintiffs") in the above referenced wage and hour litigation. I write in response to the pre-motion conference letter filed by Defendants National Association of Professional Women, Inc. and Professional Diversity Network, Inc. ("Defendants") on March 2, 2020. Defendants request that the Court issue an order compelling the deposition of Opt-in Plaintiffs Angella Daley, Adrianne Mack and Kendra Harris. As explained below, Court intervention is premature or not necessary.

      Plaintiffs also respectfully request the Court reschedule the time for the hearing on this motion. On March 2, 2020 at 4:19 p.m., the Court scheduled a hearing for March 3, 2020 at 2:00 p.m. I have a class action fairness hearing before Justice Frances Kahn III scheduled for 2:15 p.m. in New York State Supreme Court, New York County and another court appearance in New York Supreme Court at 9:30 a.m. A different attorney from my office was scheduled to defend the deposition of Ms. Mack if it were to move forward, but I would like to appear at the hearing before Your Honor. Should the Court wish to move forward with a hearing on Defendants' motion on March 3, Plaintiffs respectfully request that it be scheduled between 11:00 a.m. and 1:30 p.m. or after 4:00 p.m.

      **I.    <u>Angella Daley</u>**

      Opt-in Plaintiff Angella Daley has refused to appear for a deposition. To avoid motion practice, Ms. Daley authorized the withdrawal of her claims under the Fair Labor Standards Act for unpaid overtime compensation. Defendants refused to accept this concession and demand that

1



Ms. Daley also withdraw her New York Labor Law claims with prejudice. Defendants' position is completely unreasonable.

When dismissing the claims of a non-responsive plaintiff that has opted-in to a collective FLSA action, dismissal of corresponding state claims under New York Labor Law is inappropriate. *See Perez v. Isabella Geriatric Ctr., Inc.*, 2016 US Dist LEXIS 62003, at *12-13 (S.D.N.Y. 2016); *Scott v. Chipotle Mexican Grill, Inc.*, 2015 US Dist LEXIS 175727, at *236 (S.D.N.Y. 2015); *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 US Dist LEXIS 181626, at *7 (E.D.N.Y. 2012).

Ms. Daley has already authorized the withdrawal of her FLSA claims, the most drastic sanction the Court would impose if she was compelled to appear for a deposition and did not show up. Accordingly, Defendants' motion to compel Ms. Daley's appearance is simply unnecessary and a waste of time and resources.

## II. <u>Kendra Harris</u>

On February 17, 2020, Plaintiffs' counsel informed Defendants that Opt-in Plaintiff Kendra Harris will make herself available for a deposition nights or weekends, if necessary, but will not know her schedule until Friday, February 28, 2020 at the earliest. *See* Exhibit C annexed to Defendants' pre-motion conference letter.

Defendants filed the instant request on Monday, March 2, 2020 at 10:15 a.m. without first following up with Plaintiffs' counsel regarding Ms. Harris. Ms. Harris has confirmed that she will appear for a deposition on March 5, 2020 at 2:00 p.m. Accordingly, Defendants' motion to compel Ms. Harris's deposition is premature and should be denied as moot.

## III. <u>Adrianne Mack</u>

Defendants should not waste its time and resources flying an attorney to New York to take Adrianne Mack's deposition on March 3, 2020. On February 26, 2020, I informed Defendants' counsel that I have not received confirmation from Ms. Mack and I would be surprised if she appeared on March 3 for her deposition. On February 28 and again on March 2, I informed Defendants' counsel that I have not received a confirmation from Ms. Mack and that it would be a waste of Defendants time and resources to appear at my office to depose her on March 3.

Plaintiffs' counsel will continue making efforts to contact Ms. Mack and schedule her deposition. It should be noted that Ms. Mack's deposition dates were changed a few times to accommodate the varying schedules of counsel and the five other Opt-ins who were noticed for depositions. These date changes were not due to any fault on the part of Ms. Mack. Indeed, on February 4, 2020, Defendants noticed Ms. Mack to appear for a deposition on March 11, 2020. On February 11, 2020, Defendants re-noticed Ms. Mack to appear for a deposition on February 28, 2020. By e-mail dated February 18, 2020, Defendants requested Ms. Mack appear on March



3 for her deposition. Given that Ms. Mack's deposition date has changed several times already, she should be given additional time to appear before Defendants move for sanctions.

      Furthermore, Ms. Mack's deposition, along with the depositions of all Opt-in Plaintiffs, is inconsequential to class certification and liability in this action. The paper discovery exchanged in this action establishes that NAPW's sales representatives (*i.e.,* putative class members) were paid a weekly salary plus commission. Defendants' payroll and time records reflect class members working more than 40 hours in a week without receiving one-and-one-half times their regular rates of pay. Any testimony relating to the hours worked by Opt-in Plaintiffs or putative class members relates to damages, not liability. Since the parties already agreed that the Opt-in Plaintiffs will serve as a sampling for purposes of pre-class certification discovery, additional class-wide damages discovery is required anyway prior to trial should the Court certify the class. Ms. Mack's deposition can be conducted at that point without any prejudice to Defendants.

***

      In light of the foregoing, Plaintiffs respectfully request: (1) the court deny Defendants' motion to compel Ms. Daley to appear for a deposition and give Defendants one week to accept Ms. Daley's offer to withdraw her FLSA claim and execute a stipulation of voluntary dismissal without prejudice; (2) deny Defendants' motion to compel as to Ms. Harris as moot; (3) grant Opt-in Plaintiff Mack until the close of discovery to appear for a deposition; and (4) for such other and further relief as the Court deems just and proper.

      Thank you for your time and attention to this matter.

      Respectfully Submitted,

      /s/Jack L. Newhouse, Esq.

cc: Johner T. Wilson III, Esq. (via ECF)