**Legal Counsel.**

DINSMORE & SHOHL LLP
222 W. Adams Street ^ Suite 3400
Chicago, IL 60606
www.dinsmore.com

Johner T. Wilson III
(312) 837-4306 (direct) · (312) 372-6085 (fax)
JT.Wilson@dinsmore.com



December 16, 2020

<u>**VIA ELECTRONIC CASE FILING**</u>

The Honorable Margo K. Brodie
Eastern District of New York
225 Cadman Plaza East, Chambers: N 626
Brooklyn, New York 11201

    Re:    **Defendants' Pre-Motion Letter and Request for Conference**
             ***Bayne, et al. v. NAPW, Inc. et al.*, Case No. 18-cv-3591 (MKB)(RER)**

Dear Judge Brodie,

       This firm represents defendants NAPW, Inc. ("NAPW") and Professional Diversity Network, Inc. ("PDN") (collectively, NAPW and PDN are "Defendants") in this matter. Pursuant to your Honor's Individual Practices and Rules and the December 9, 2020 Order of Magistrate Judge Reyes, we write to respectfully request a pre-motion conference in connection with defendant PDN bringing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendant PDN seeks leave to file a Rule 56 motion on the grounds that Plaintiffs' claims against PDN fail as a matter of law because Plaintiffs were not employed by PDN and cannot meet the requirements for establishing joint employment under the FLSA.

<u>*Brief Factual Summary of Facts and Pleadings*</u>

       PDN is an operator of professional networks with a focus on diversity. PDN assists its registered users and members in their networking and job search efforts. Similarly, NAPW is a professional association and networking platform. In or around 2014, NAPW became a wholly owned subsidiary of PDN.

       Lead Plaintiffs Deborah Bayne and Melanie Farris are former sales representatives of NAPW who were paid on a salary plus commission model. Plaintiffs bring collective and class claims alleging that Defendants' pay practices violate the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs seek overtime under state and federal law, and wage statement penalties under New York law.

<u>*Plaintiffs Cannot Sustain a Cause of Action against PDN*</u>

       Plaintiffs' claims against PDN fail as a matter of law because PDN did not employ Plaintiffs and the two entity defendants do not constitute a joint employer under the FLSA.

***PDN Did Not Employ Plaintiffs***

The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employment relationship exists under the FLSA when the putative employer possesses the power to control the workers at issue. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The inquiry is focused on the economic realities of the relationship between the putative employer and the putative employees. *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 507 (S.D.N.Y. 2015) (quoting *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008)).

To apply the "economic reality test," the Second Circuit and FLSA regulations consider whether the putative employer: (1) has the power to hire and fire the employees, (2) supervises and controls employee work schedules or conditions of employment to a substantial degree, (3) determines the rate and method of payment, and (4) maintains employment records. *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 305 (S.D.N.Y. 2019); *see also,* 29 CFR § 791.2(a). No one factor is dispositive, as the test encompasses the totality of the relevant circumstances. *Herman*, *supra,* 172 F.3d at 139.

The standard governing employment status under the NYLL is nearly identical to that of the FLSA. *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 305 (S.D.N.Y. 2019). As such, the analysis of Defendants' employment status under the FLSA applies with equal force to Plaintiffs' NYLL claims.

Here, Plaintiffs do not satisfy the economic realities test with respect to PDN. The parties took numerous depositions and engaged in extensive written discovery in this matter. Lead Plaintiffs Deborah Bayne and Melanie Farris, as well as numerous Opt-In Plaintiffs, testified in their depositions that they: (a) were hired by NAPW; (b) reported to work at NAPW's facilities; (c) received paychecks from NAPW; and (d) were supervised by NAPW employees who set their schedules and determined their working conditions, including their rates of pay (salary plus commission). Moreover, the documents produced in discovery further confirm that NAPW was the single entity that controlled Plaintiffs' working conditions. NAPW (not PDN) issued Plaintiffs' paychecks, maintained their time records and employment files, issued their W-2 wage statements, and controlled all significant aspects of Plaintiffs' employment.

In contrast, the discovery process did not yield any evidence supporting the conclusion that PDN had the power to control Plaintiffs. PDN did not: (1) hire or fire any of the Opt-In Plaintiffs or putative class members; (2) supervise or control any of the Opt-In Plaintiffs or putative class members; (3) set their rates of pay; or (4) maintain employment records. At all times, Plaintiffs were employed by and under the control of NAPW. Thus, the economic realities test cannot be met with respect to PDN.

The Honorable Margo K. Brodie
December 16, 2020
Page 3

### *PDN and NAPW Are Not Joint Employers*

Joint employment may exist when an individual is employed by more than one entity, and those entities are sufficiently related to one another with respect to the employee in question. 29 C.F.R. § 791.2(e)(1). For instance, one employer employs a worker for one set of hours in a workweek, and another employer employs the same worker for a separate set of hours in the same workweek. The jobs and the hours worked for each employer are separate, but if the employers are joint employers, both employers are jointly and severally liable for all of the hours the employee worked for them in the workweek. *Id.*

In this scenario, if the employers are acting independently of each other and are disassociated with respect to the employment of the employee, each employer may disregard all work performed by the employee for the other employer in determining its own responsibilities under the FLSA. However, if the employers are sufficiently associated with respect to the employment of the employee, they are joint employers and must aggregate the hours worked. The employers will generally be sufficiently associated if: (i) there is an arrangement between them to share the employee's services; (ii) one employer is acting directly or indirectly in the interest of the other employer in relation to the employee; or (iii) they share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer. Such a determination depends on all of the facts and circumstances. 29 C.F.R. § 791.2(e)(2).

In this case, the time records clearly show that Plaintiffs' work was performed for only one employer – NAPW. Plaintiffs' did not split their time working between two related entities and there is no contract between PDN and NAPW for Plaintiffs' shared services. Moreover, Plaintiffs' testimony and the records in this action confirm that all work was performed at NAPW facilities, for the benefit of NAPW, and under the direction and control of NAPW managers/supervisors. The undisputed facts support a conclusion that no joint employment relationship exists here.

The issue of PDN's joint and several liability is ripe for summary judgment because the ultimate decision as to whether a party is an employer under the FLSA is a legal conclusion, and whether an entity is a joint employer under the FLSA is a question of law. *See, Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 76 (2d Cir. 2003); *see also, Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997). For these reasons, Defendant PDN respectfully seeks a conference to set a briefing schedule for its Motion for Summary Judgment. If granted leave, Defendant PDN will be in a position to file its motion promptly. We thank the Court for its courtesies and consideration.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| /s/ Johner T. Wilson III | /s/ Heather N. Stone |
| Johner T. Wilson III | Heather N. Stone |
| *Attorneys for Defendants* | *Attorneys for Defendants* |
| *Professional Diversity Network, Inc., and NAPW, Inc.* | *Professional Diversity Network, Inc., and NAPW, Inc.* |