UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DEBORAH BAYNE, *and all other persons similarly situated*,

                Plaintiffs,

        v.

NAPW, INC. *d/b/a* NATIONAL ASSOCIATION
OF PROFESSIONAL WOMEN and
INTERNATIONAL ASSOCIATION OF WOMEN,
and PROFESSIONAL DIVERSITY NETWORK,
INC. *d/b/a* NATIONAL ASSOCIATION OF
PROFESSIONAL WOMEN and
INTERNATIONAL ASSOCIATION OF WOMEN,

                Defendants.

**ORDER**
18-CV-3591 (MKB) (RER)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On June 20, 2018, Plaintiff Deborah Bayne commenced a putative class action on behalf of herself and other similarly situated individuals, alleging that Defendants NAPW, Inc. and Professional Diversity Network, Inc., doing business as the National Association of Professional Women and the International Association of Women, had violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law, and the New York Codes, Rules and Regulations. (Compl. ¶ 1, Docket Entry No. 1.) Bayne and multiple FLSA opt-in plaintiffs (collectively, "Plaintiffs") move to certify a class of all individuals who worked for Defendants in New York selling memberships to the National Association of Professional Women and International Association of Women from June 20, 2012, to the present. (Pls.' Mot. for Class Certification, Docket Entry No. 86.) On March 18, 2021, the Court referred Plaintiffs' motion to Magistrate Judge Ramon E. Reyes, Jr. for a report and recommendation. (Order dated March 18, 2021.) By report and

recommendation dated August 10, 2021, Judge Reyes recommended that the Court grant Plaintiffs' motion in part by certifying the class, directing Defendants to produce a list of all class members to Plaintiffs, and giving the parties thirty days to submit an agreed-upon notice to class members (the "R&R").  (R&R 21-22, Docket Entry No. 90.)

No objections to the R&R have been filed and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R. R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner v. Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328

2

F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, the Court certifies a Rule 23(b)(3) class consisting of all "individuals employed in New York from June 20, 2012 to the present by NAPW, Inc. and Professional Diversity Network, Inc. to sell memberships to the women's networking organization known as National Association of Professional Women and the International Association of Women," not including "[c]orporate officers, shareholders, directors and administrative employees"; directs Defendants to produce to Plaintiffs a list of all class members, including names and last known addresses, within thirty days of this order; and orders the parties to submit a proposed notice to class members within thirty days of this order.

Dated: October 15, 2021
      Brooklyn, New York

                                                      SO ORDERED:

                                                      s/ MKB
                                            MARGO K. BRODIE
                                            United States District Judge