## JOINT SETTLEMENT AGREEMENT AND RELEASE

This Joint Settlement Agreement and Release (collectively, the "Agreement"), is entered into by and between Deborah Bayne, individually and on behalf of the Class Members and FLSA Collective Members (as hereinafter defined) that they seek to represent, Class Counsel (as hereinafter defined), and Defendants NAPW, Inc. ("NAPW") and Professional Diversity Network, Inc. ("PDN") (collectively NAPW and PDN are referred to as "Defendants").

### RECITALS

**WHEREAS**, in the Litigation, Plaintiffs have asserted claims under the Fair Labor Standards Act and the New York Labor Law for an alleged failure to pay overtime compensation and they are seeking wages, liquidated damages, interest, and attorneys' fees and costs;

**WHEREAS**, Defendants (as hereinafter defined) have defended and intends to vigorously contest each and every claim in the Litigation, denies all material allegations of the Litigation and asserts numerous defenses;

**WHEREAS**, the Parties engaged a settlement conference with Magistrate Judge Marcia Henry, and although the parties did not reach an agreement during the settlement conference, the conference laid the foundation for this settlement;

**WHEREAS**, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Plaintiffs, or might result in a recovery that is less favorable to the Plaintiffs, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Plaintiffs.

**WHEREAS**, without any person or entity admitting or conceding liability or damages in any manner whatsoever, Plaintiffs and Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Litigation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, Plaintiffs and Defendants agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

**1.1** **Allocated Amount.** "Allocated Amount" means the portion of the Net Settlement Fund attributable to an individual Class Member or FLSA Collective Member, calculated pursuant to Section 3.4.

1.2    **Authorized Claimant.** "Authorized Claimant" means a Class Member or FLSA Collective Member who submits to the Claims Administrator a timely and properly completed Claim Form and timely and properly completed IRS Forms W-4 and W-9 pursuant to Section 2.3(C) and who does not Opt-Out pursuant to Section 2.4. Named Plaintiff Bayne is deemed an Authorized Claimant upon the execution of this Agreement.

1.3    **Claims Administrator**. "Claims Administrator" shall refer to a qualified class action settlement administration firm agreed to by the Parties and retained pursuant to Section 2.1.

1.4    **Claim Form.** "Claim Form" shall refer to the form for Class Members to submit a claim for a settlement payment pursuant to Section 3.4 and as approved by the Court.

1.5    **Class Counsel.** "Class Counsel" shall refer to Jack Newhouse, Esq. and Michele Moreno from Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, NY 10004, Tel: (212) 943-9080 Fax: (212) 943-9082.

1.6    **Class Members.** "Class Members" or "Class" shall refer to all sales representative employed in New York to sell memberships for the National Association of Professional Women and the International Association of Women from June 20, 2012 through July 5, 2019.

1.7    **Class Notice**. "Class Notice" shall refer to the form of notice for Class Members and FLSA Collective Members regarding this settlement, in the form approved by the Court.

1.8    **Class Period.** The "Class Period" means the period from June 20, 2012 through July 5, 2019.

1.9    **Court**. "Court" shall refer to the United States District Court for the Eastern District of New York.

1.10   **Effective Date**. "Effective Date" shall refer to the first date on which all of the following have occurred:

   (A)    The Court has issued its Order Granting Final Approval;

   (B)    The Court has ruled on all of the motions for final settlement approval, service awards pursuant to Section 3.3 and for attorneys' fees and reasonable costs pursuant to Section 3.2;

   (C)    The Agreement has become "Final" which is the later of:

      (1)    Thirty (30) calendar days following the entry of the Court's Order Granting Final Approval if there are no appeals or requests for rehearing or reconsideration; or

(2) If rehearing, reconsideration or appellate review of the Order Granting Final Approval is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired, and the Order Granting Final Approval has been affirmed in its entirety.

1.11 **Fairness Hearing**. "Fairness Hearing" shall mean the hearing scheduled by the Order Granting Preliminary Approval.

1.12 **Final Settlement Amount.** "Final Settlement Amount" means the sum of the following: aggregate Allocated Amounts for Authorized Claimants only; the Court-approved attorneys' fees and costs as described in Section 3.2; the Court-approved service award payments as described in Section 3.3; the Court-approved payment to the Claims Administrator as described in Section 2.1; and the employer's share of taxes and contributions as described in Section 3.5(C).

1.13 **FLSA Collective.** "FLSA Collective" refers to the individuals, including Named Plaintiff Bayne, who filed timely consent to join forms.

1.14 **FLSA Collective Period.** "FLSA Collective Period" means the relevant statutory period starting June 20, 2015.

1.15 **Gross Settlement Amount**. "Gross Settlement Amount" shall mean the amount of Seven Hundred Thousand Dollars and No Cents ($700,000.00).

1.16 **Litigation**. "Litigation" shall mean the lawsuit captioned *Bayne et al. v. NAPW, Inc.*, *et. al.* 18-cv-3591(MKB)(MMH), pending in the United States District Court for the Eastern District of New York.

1.17 **Mailing Date.** The "Mailing Date" shall mean the date on which the Claims Administrator first mails any Class Notice via USPS first class mail.

1.18 **Net Settlement Fund**. "Net Settlement Fund" shall mean the Gross Settlement Amount, less the following amounts: (a) the Court-approved attorneys' fees and costs as described in Section 3.2; and (b) the Court-approved service award payments as described in Section 3.3; and (c) the Court-approved payment to the Claims Administrator as described in Section 2.1.

1.19 **Notice Response Deadline.** "Notice Response Deadline" shall mean the date sixty (60) calendar days after the Mailing Date.

1.20 **Opt-Out Period.** The "Opt-Out Period" means the period of sixty (60) calendar days immediately after the Mailing Date.

1.21    **Opt-Out Statement.** An "Opt-Out Statement" is a written, signed statement from a Plaintiff, indicating that the Plaintiff is opting out of the settlement under this Agreement.

1.22    **Order Granting Final Approval**. "Order Granting Final Approval" shall mean the final order approving this Agreement entered by the Court after the Fairness Hearing.

1.23    **Order Granting Preliminary Approval**. "Order Granting Preliminary Approval" shall mean the order entered by the Court (i) preliminarily approving the terms and conditions of this Agreement; (ii) directing the manner and timing of providing Class Notice and Claim Form to the Plaintiffs; and (iii) setting the dates and deadlines for effectuating settlement, including the Notice Response Deadline, the Mailing Date, and the date of the Fairness Hearing.

1.24    **Parties**. "Parties" shall mean, collectively, Plaintiffs and Defendants.

1.25    **Plaintiffs**. "Plaintiffs" shall refer collectively to the Named Plaintiff and Class Representative Deborah Bayne, along with all Class Members and FLSA Collective Members.

1.26    **Qualified Settlement Fund**. "Qualified Settlement Fund" shall mean a qualified settlement fund, as defined by the Internal Revenue Code, administered and/or controlled by the Claims Administrator.

1.27    **Releasees**. "Releasees" shall mean Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, and for each of the foregoing, all of their respective shareholders, owners, officers, directors, employees, members, co-joint ventures, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them.

2.    **APPROVAL AND CLASS NOTICE**

2.1    **Retention of Claims Administrator**. Within a reasonable time after the execution of this Agreement, Plaintiffs shall retain the Claims Administrator to administer the claims process based on the terms contained herein.  Plaintiffs shall direct the Claims Administrator to do the following: (a) administer the Class Notice and Claim Form process; (b) calculate the individual Allocated Amount for each Class Member and FLSA Collective Member pursuant to Section 3.4; (c) create the Qualified Settlement Fund, as defined by the Internal Revenue Code; (d) calculate the employer-side taxes for the Allocated Amounts pursuant to Section 3.5; (e) issue and send each of the settlement checks to be paid to each Authorized Claimant and to Class Counsel, (f) make any required withholdings from payments and pay any taxes to taxing authorities; (g) issue any tax forms required by law, including, but not limited to, W-2s and 1099s, (h) calculate and make any reversion payments; and (i) report to Defendants' Counsel and Class Counsel regarding the

aforementioned activities. Plaintiffs shall direct the Claims Administrator to respond to any requests for information from Defendants' Counsel. Plaintiffs shall direct the Claims Administrator to issue to Defendants' Counsel and Class Counsel a report every thirty (30) calendar days setting forth a summary of its recent activity. Plaintiffs shall direct the Claims Administrator to pay itself from the Qualified Settlement Fund any fees and costs for its services that are approved by the Court in the Order Granting Final Approval.

**2.2** **Preliminary Approval by the Court**. Within ten (10) calendar days after the execution of this Agreement, Plaintiffs will file a motion with the Court seeking an Order Granting Preliminary Approval, as defined above. Plaintiffs will submit the proposed Class Notice (attached hereto as Exhibit A), the proposed Claim Form (attached hereto as Exhibit B), and the proposed Order Granting Preliminary Approval attached hereto as Exhibit C. If the Court denies preliminary approval and the Litigation resumes, the case will proceed as if no settlement had been attempted.

**2.3** **Class Notice**

(A) Within fourteen (14) days from the full execution of this Agreement, Plaintiffs shall provide Defendants with the most up to date version of the Class List, as defined in Section 2.3(B) below. Defendants shall review and update the Class List, as necessary, based on any updated information.

(B) Within fifteen (15) calendar days after the entry of the Court's Order Granting Preliminary Approval, Defendants will provide the designated Claims Administrator with a list of the names, last known addresses, and dates of employment or other information sufficient to allow for the calculation of total weeks worked of all Class Members and FLSA Collective Members ("Class List"). The Parties agree that Plaintiffs shall direct the Claims Administrator to treat the information as confidential and not to share the information, other than a Plaintiff's personal information, with Plaintiffs or any third parties.

(C) Plaintiffs shall direct the Claims Administrator to mail, via First Class United States mail, postage prepaid, a blank IRS Form W-4, a blank IRS Form W-9, and the Court-approved Class Notice and Claim Form to all Class Members and FLSA Collective Members for whom it has mailing addresses, using the last known addresses provided by Defendants or any updated addresses obtained by the Claims Administrator, within sixty (60) calendar days after the entry of the Court's Order Granting Preliminary Approval. Plaintiffs shall direct the Claims Administrator to take reasonable steps, including a skip-trace to obtain the correct addresses of the Class Members for whom the notices are returned by the post office as "undeliverable" and to attempt re-mailings as described below. Plaintiffs shall direct the Claims Administrator that if it receives notice of a mailing as undeliverable, it has seven (7) calendar days to attempt to locate an

alternative address and issue a second mailing. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mailings sent to Class Members of FLSA Collective Members that are returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

(D)     In order to be an Authorized Claimant and be eligible to receive payment of his/her/their Allocated Amount, a Class Member or FLSA Collective Member (including the representative of any Class Member or FLSA Collective Member's estate) must submit by mail, fax, or e-mail a completed and signed Claim Form and completed and signed Forms W-4 and W-9 to the Claims Administrator and those documents must be mailed to the Claims Administrator, such that it is transmitted and/or postmarked on or before the Notice Response Deadline. Plaintiffs shall direct the Claims Administrator to stamp the receipt date on the original of each executed Claim Form and on a copy of each executed Forms W-4 and W-9 that it receives. Plaintiffs shall direct the Claims Administrator to send copies of each executed Claim Form to Class Counsel and Defendants' Counsel by email no later than seven (7) calendar days after receipt thereof. Plaintiffs shall direct the Claims Administrator to provide a list of Authorized Claimants to Class Counsel and Defendants' Counsel by e-mail not later than ten (10) calendar days after the Notice Response Deadline. Unless otherwise agreed upon in writing or directed by the Court, the Notice Response Deadline shall be extended an additional fifteen (15) days for individual Class Members or FLSA Collective Members based on good cause, including but not limited to, incorrect address, hospitalization, military service, and the like.

**2.4     Class/Collective Member Opt-Out**.

(A)     Any Class Member or FLSA Collective Member may request exclusion from the Class or FLSA Collective by mailing an Opt-Out Statement to the Claims Administrator. To be effective, the Opt-Out Statement must be received by the Claims Administrator within the Opt-Out Period.

(B)     The Plaintiffs shall direct the Claims Administrator to stamp the receipt date on the original of each Opt-Out Statement that it receives and to serve copies of each Opt-Out Statement on Class Counsel and Defendants' Counsel by e-mail not later than seven (7) calendar days after receipt of the Opt-Out Statement. Plaintiffs shall direct the Claims Administrator to retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement. Any Plaintiff who do not mail a timely Opt-Out Statement shall be subject to the releases set forth in Sections 4.1 and 4.2.

**2.5     Objections to Settlement**.

(A)     Class Members and FLSA Collective Members who wish to present objections to this Agreement at the Fairness Hearing must first do so in a written document mailed, faxed, or e-mailed to the Claims Administrator. To be considered, the written objections must be received by the Claims Administrator in the mail during the Opt-Out Period. Plaintiffs shall direct the Claims Administrator to stamp the date received on the original of each objection, and to send copies of each objection to Class Counsel and Defendants' Counsel by email no later than seven (7) calendar days after receipt thereof. An objector may withdraw his/her/their objections at any time. Plaintiffs shall file any and all objections with their Motion for Final Approval, unless such objections have been withdrawn by that date.

(B)     An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his/her/their intention to do so at the time he/she/they submits his/her/their written objections. No Plaintiff shall have the right to appear at the Fairness Hearing unless he/she/they have properly submitted a timely objection that complies with the procedures provided in Section 2.5(A). Any Plaintiff who has submitted a timely Opt-Out Statement may not submit objections to the settlement. If any Plaintiff who mails a timely Opt-Out Statement also mails an objection to the settlement, the Opt-Out Statement shall control, and the Parties shall request that the Court disregard the objection.

(C)     The Parties may each file with the Court any written responses to any objections at the same time Plaintiffs file the joint motion for Final Approval.

**2.6**     **Motion for Final Approval**. Not later than fifteen (15) calendar days before the Fairness Hearing, or as otherwise directed by the Court, Plaintiffs shall file a Motion for Final Approval with a proposed Order Granting Final Approval. Class Counsel shall provide the proposed Order Granting Final Approval to Defendants' Counsel by e-mail at least seven (7) business days prior to their filing of a Motion for Final Approval and Plaintiffs shall accept any reasonable changes to the proposed Order Granting Final Approval requested by Defendants or Defendants' Counsel. Defendants shall not oppose such motion, unless the motion seeks relief beyond the express terms of this Agreement, is inconsistent with this Agreement, or fails to include any reasonable changes to the proposed Order Granting Final Approval requested by Defendants or Defendants' Counsel.

**2.7**     **Entry of Judgment**. At the Fairness Hearing, the Parties will request that the Court, among other things: (a) enter the proposed Order Granting Final Approval; (b) approve the Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not timely opted out pursuant to Section 2.4; (c) dismiss the Litigation with prejudice; (d) enter an order permanently enjoining all bound Class Members and FLSA Collective Members from pursuing and/or seeking to reopen claims that have been released by this Agreement, (e) approving the amounts of the

attorneys' fees and costs for Class Counsel, the requested service awards, and the Claims Administrator's fees and costs; and (f) ordering Defendants to pay the Final Settlement Amount into the Qualified Settlement Fund in accordance with the payment schedule set forth in this Agreement.

2.8 **Effect of Failure to Grant Final Approval**. In the event the Court denies Plaintiffs' Motion for Final Approval or the Order Granting Final Approval does not become final and effective for any other reason whatsoever, Defendants and Plaintiffs shall proceed as follows:

(A) Attempt to resolve and reconcile the issue raised by the Court and if mutually agreed by Defendants and Plaintiffs, resubmit the Motion for Final Approval.

(B) If the Court again declines such final approval, then the Litigation will proceed as if no settlement had been attempted. Any funds paid by Defendants into the Qualified Settlement Fund shall be returned to Defendants. Defendants reserve and retain the right to contest the merits of the claims being asserted by Plaintiffs in the Litigation. Defendants and Plaintiffs shall ask the Court to approve a notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Plaintiffs shall direct the Claims Administrator to mail any Court-approved notice via First Class United States Mail, postage prepaid, to the addresses used by the Claims Administrator in mailing the Court-approved Class Notice, and Plaintiffs shall bear the cost of mailing such notice.

## 3. SETTLEMENT TERMS

3.1 **Settlement Payments From the Gross Settlement Amount**.

(A) The Final Settlement Amount shall fully resolve and satisfy any and all amounts to be paid to the Authorized Claimants, any Court-approved service payment to Plaintiffs, any Court-approved attorneys' fees and costs, any Court-approved Claims Administrator's fees and costs, and employer-side taxes.

(B) Within ten (10) calendar days after the Notice Response Deadline has ended for all Class Members, the Claims Administrator shall provide by e-mail to Class Counsel and Defendants' Counsel its preliminary calculations of the Class Members' Allocated Amounts and the employer-share of taxes under Section 3.5(C), based on the assumption that the Court will approve the maximum permitted Claims Administrator costs and fees under Section 2.1, the maximum permitted attorneys' fees and costs under Section 3.2, and the maximum permitted Service Awards under Section 3.3.

(C) **Funding the Qualified Settlement Fund.** Defendants shall deposit the Final Settlement Amount into the Qualified Settlement Fund in accordance

with the following schedule: (1) $350,000.00 by April 3, 2026 and (2) $350,000.00 by June 12, 2026.

(D) **Distributing the Final Settlement Amount.** Within fifteen (15) calendar days after the Qualified Settlement Fund is fully funded, the Claims Administrator will distribute the Final Settlement Amount by making the following payments:

    (1) Paying Class Counsel its Court-approved fees as described in Section 3.2;

    (2) Reimbursing Class Counsel for its Court-approved costs as described in Section 3.2;

    (3) Paying itself for its Court-approved fees as described in Section 2.1;

    (4) Paying the Court-approved service award payments as described in Section 3.3;

    (5) Paying the Authorized Claimants their individual Allocated Amounts as described in Section 3.4; and

    (6) Paying the employer-side taxes as described in Section 3.5.

(E) Payments to Authorized Claimants will be made by checks issued by the Claims Administrator from the Qualified Settlement Fund.

(F) If the payments described in Sections 3.1, 3.3 and 3.4 are not cashed within one hundred eighty (180) calendar days of the initial check mailing date or are returned as undeliverable to the Claims Administrator, Plaintiffs shall direct the Claims Administrator to remit all such funds to Defendants.

**3.2    Settlement Amounts Payable as Attorneys' Fees and Costs**.

(A) At the Fairness Hearing, Class Counsel shall petition the Court for an award of attorneys' fees and reimbursement of reasonable actually incurred litigation costs and expenses from the Final Settlement Amount. Class Counsel shall not seek more than Two Hundred Thirty-Three Thousand Dollars and Thirty-Three Cents ($233,333.33) total for attorneys' fees, litigation costs and expenses, exclusive of Claims Administrator fees. Defendants shall take no position on and shall not object or oppose Class Counsel's petition for fees and costs pursuant to this Section, except to the extent Class Counsel's petition is in any way inconsistent with the terms of this Agreement.

(B) The substance of Class Counsel's application for attorneys' fees and costs pursuant to this Agreement is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness,

reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement, extinguish any Party's obligations under this Agreement, or otherwise affect the Court's ruling on the motion seeking an Order Granting Final Approval.

**3.3    Service Payments**

(A)    In the motion seeking an Order Granting Final Approval, Plaintiffs Deborah Bayne and Melanie Farris will apply to the Court to each receive a service award payment of Five Thousand Dollars and No Cents ($5,000.00) from the Gross Settlement Amount for services rendered to the Settlement Class. Defendants will not oppose such application, except to the extent it is inconsistent in any way with this Agreement.

(B)    The substance of the above-referenced application for a service award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for service award shall not terminate this Agreement or otherwise affect the Court's ruling on the motion seeking an Order Granting Final Approval.

**3.4    Distribution to Class Members and FLSA Collective Members**.

(A)    Only Authorized Claimants shall receive payment of Allocated Amounts from the Qualified Settlement Fund. No other Class Members or FLSA Collective Member shall be entitled to any payments from the Qualified Settlement Fund.

(B)    The Allocated Amount for each Class Member shall be determined by the following formula and allocation mechanisms:

(1)    First, the Claims Administrator shall calculate the Net Settlement Fund in accordance with this Agreement by deducting the following from the Gross Settlement Amount: (a) any Court-approved attorneys' fees and costs as described in Section 3.2; and (b) any Court-approved service award payment to Plaintiffs as described in Section 3.3; and (c) any Court-approved costs and fees for the Claims Administrator as described in Section 2.1.

(2)    Second, the Claims Administrator shall calculate the total number of days each Class Member and FLSA Collective Member was employed as an NAPW sales representative during the Class Period for Class Members, including New York State FLSA Collective Members, and during the FLSA Collective Period for non-New York FLSA Collective Members.

(3)     Third, the Claims Administrator shall exclude from the settlement allocation calculation all Class Members and FLSA collective members who were employed for fewer than four (4) days.

(4)     Fourth, for all non-excluded Class Members and FLSA Collective Members, the Claims Administrator shall determine their proportionate share of the Net Settlement Fund by dividing the number of days such Class Member or FLSA Collective Member was employed by the total number of collective days worked by all non-excluded Class Members and FLSA Collective Members.

(5)     Fifth, the claims administrator shall multiply each Class Members and FLSA Collective Member's proportionate share (i.e., percentage) of the Net Settlement Fund by the Net Settlement Fund to determine each Class Member and FLSA Collective Member's Allocated Amount.

(6)     Sixth, the following adjustments shall be made to determine each Class Member and FLSA Collective Member's Allocated Amount:

a.      After the list of Authorized Claimants has been finally determined and allocations for such Authorized Claimants have been calculated along with the employer-side taxes for such allocated share, if there are any funds remaining in the Net Settlement Fund, such funds shall be allocated proportionally to the Authorized Claimants in accordance with each Authorized Claimant's proportionate share of the Net Settlement Fund relative to the other Authorized Claimants.

b.      All tax liability attributable to the amounts allocated in accordance with this section, Section 3.4(B)(6), shall be paid entirely from the Authorized Claimant's Allocated Amount.

(C)     The Plaintiffs shall direct the Claims Administrator to calculate the Allocated Amount for each Class Member and FLSA Collective Member based on the allocation formula described above and to provide the calculations to Class Counsel and Defendants' Counsel as soon as practicable following the Opt-Out Period, but no later than seven (7) calendar days after the Fairness Hearing.

**3.5     Taxability of Settlement Payments**.

(A)     Plaintiffs, individually and on behalf of the Class Members, acknowledge and agree that they have not relied upon any advice whatsoever from Defendants or Defendants' Counsel as to any provision of this Agreement, as to the taxability, whether pursuant to federal, state or local income tax statutes or regulations or otherwise of the payments made, actions taken, or

consideration transferred hereunder and that each Class Member shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes (including penalties and interest) on the payments described above.

(B)     For tax purposes, the payments to Class Members shall be allocated as follows:

(1)     50% as back-wage payments subject to W-2 reporting. Plaintiffs shall direct the Claims Administrator to make all deductions and withholdings required by law, including federal, state and local income tax withholding and the employee's share of any employment taxes, such as FICA, and to report such payments on Forms W-2 as required by law.

(2)     50% for liquidated damages and interest (non-wage payments). Plaintiffs shall direct the Settlement Administrator to report such payments on Forms 1099 to the extent required by law.

(C)     Any employer-side taxes on any payments to Authorized Claimants, including, but not limited to, the employer portion of Social Security taxes, Medicare taxes, FUTA and SUTA, shall be paid by the Claims Administrator from the unclaimed portion of the Qualified Settlement Fund. To the extent the unclaimed portion of the Qualified Settlement Fund is insufficient to cover the tax liability for each settlement payment, each Authorized Claimant shall be responsible to payment of such taxes from their individual Allocated Amount.

(D)     Any Court-approved service award payment made pursuant to Section 3.3 shall be paid as non-wages and shall be reported on a Form 1099. Recipients of service award payments shall be solely responsible for all taxes, interest, and penalties due with respect to this payment.

(E)     Plaintiffs shall direct the Claims Administrator to issue Forms 1099 for the payment of Court-approved attorneys' fees and costs to Class Counsel for the entire payment amount.

## 4.     RELEASE

### 4.1     Release of Claims.

(A)     Upon entry of the Order Granting Final Approval, and except as to such rights or claims as may be created by this Agreement, each Plaintiff, on his/her/their behalf, and on behalf of his/her/their respective current, former and future heirs, spouses, executors, administrators, and agents, fully releases and discharges Releasees, from any and all debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, interest, penalties, actions,

or causes of action, whether known or unknown, which they ever had, now have, or may have against the Releasees at any time from the beginning of the world through the end of the Class Period, regarding any of the following: (i) any claims for wages, including, but not limited to, overtime wages, (ii) any claims for failure to provide accurate wage statements; (iii) any other claims raised in the Complaint; and (iv) any claims under the New York Labor Law. It is agreed between the Parties that this release will have res judicata, collateral estoppel, claim preclusive, and issue preclusive effect as to all released claims that have been or may be made by or on behalf of any Class Member who did not submit a timely Opt-Out Statement in accordance with Section 2.4.

(B)     Upon entry of the Order Granting Final Approval, each FLSA Collective Member forever and fully releases the Releasees from all Fair Labor Standards Act claims, whether known or unknown, which they ever had, now have, or may have against the Releasees at any time from the beginning of the world through the end of the Class Period, including, but not limited to, claims for overtime, unpaid wages, liquidated damages, interest, and attorneys' fees and costs related to such claims.

5.     **NON-ADMISSION OF LIABILITY.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants, or any Releasees or of the truth of any of the factual allegations in any of the Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as, an admission or evidence of fault or omission on the part of Defendants, or any Releasees in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

6.     **MISCELLANEOUS**

6.1     **Cooperation Between the Parties; Further Acts**. The Parties shall cooperate fully with each other and shall use reasonable efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2     **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and

contemporaneous negotiations and understandings between the Parties shall be deemed superseded by this Agreement. The Parties acknowledge that they have not relied on any promises, representations, or discussions extrinsic to this Agreement in agreeing to execute this Agreement.

6.3　**Arm's Length Transaction; Materiality of Terms**. The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

6.4　**Captions**. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.5　**Construction**. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

6.6　**Blue Penciling**. Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

6.7　**Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.8　**Continuing Jurisdiction**. The Parties shall request that the Court retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

6.9　**Waivers, etc. to Be in Writing**. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by Named Plaintiff Bayne or other authorized legal representative of the Class or FLSA Collective and Defendants and to the extent such waiver, modification or amendment is contrary to any existing Court orders in the Litigation, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure,

shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.10   **No Assignment**. Class Counsel and Named Plaintiff represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

6.11   **Signatures**. Any signature made and transmitted by facsimile or electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement.  This Agreement may be executed in any number of counterparts, each such counterpart being deemed to be an original instrument, and all such counterparts shall together constitute the same Agreement.


DATED:_____, 2025     _____
                                   **Deborah Bayne,**
                                   *for herself and on behalf of the*
                                   *Class and FLSA Collective*


DATED: July 15th_____, 2025     **Professional Diversity Network, Inc.**

                                   By:_____
                                      Name:
                                      Title:


DATED: July 15th_____, 2025     **NAPW, Inc.**

                                   By:_____
                                      Name:
                                      Title:

shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.10 **No Assignment**. Class Counsel and Named Plaintiff represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

6.11 **Signatures**. Any signature made and transmitted by facsimile or electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement. This Agreement may be executed in any number of counterparts, each such counterpart being deemed to be an original instrument, and all such counterparts shall together constitute the same Agreement.

DATED:_____, 2025        _____

**Deborah Bayne,**
**for herself and on behalf of the**
**Class and FLSA Collective**

DATED:_____, 2025        **Professional Diversity Network, Inc.**

By:_____
   Name:
   Title:

DATED:_____, 2025        **NAPW, Inc.**

By:_____
   Name:
   Title:

# Exhibit A

## NOTICE OF CLASS ACTION SETTLEMENT
*Deborah Bayne, et al. v. NAPW, Inc., et al.*
*United States District Court for the Eastern District of New York*
*Docket No.: 18-cv-3591*

**If you sold memberships to the National Association of Professional Women or the International Association of Women since June 20, 2012 on behalf of NAPW, Inc. ("NAPW") this Notice contains important information relating to your rights under the proposed class action settlement agreement.**

## INTRODUCTION

Deborah Bayne ("Named Plaintiff") filed a lawsuit in 2018 asserting claims for unpaid overtime compensation on behalf of individuals who were alleged to be employed by NAPW, Inc. and Professional Diversity Network, Inc. ("Defendants") and sold memberships to the National Association of Professional Women or the International Association of Women.

Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court. Defendants, while denying wrongdoing of any kind, and without admitting liability, nevertheless have elected to settle this action to avoid the expense and inconvenience of litigation.

Your legal rights may be affected by this settlement. These rights and options are summarized below and fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, if you want to participate in the settlement and receive a payment, you must mail, e-mail or fax a properly completed Claim Form and Release with your original signature and properly completed Forms W-4 and W-9 to the Claims Administrator with a postmark on or before [**60 days after mailing of notice**]. If you participate in the settlement, you will be bound by the terms of the settlement and will release claims as explained in response to Question 5 below. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the settlement, you must follow the directions outlined in response to Question 8 below. If you opt-out, you will not be bound by the terms of the settlement and you will not receive a payment. |
| **OBJECT** | Submit a written statement about why you believe the settlement is unfair or unreasonable. If you object, you will still be bound by the terms of the settlement and release claims as explained in response to Question 5 below. You cannot exclude yourself and object. |
| **DO NOTHING** | If you do nothing, you will still be bound by the terms of the settlement and release claims as explained in response to Question 5 below. However, you will not receive any settlement payment. |

## 1. Why Did I Receive This Notice?

You have received this notice because Defendants identified you as being a member of the "Class" or "Collective" in this this action.

You are a member of the "Class" if you were employed in <u>New York State</u> as a sales representative by NAPW to sell memberships to the National Association of Professional Women or the International Association of Women between June 20, 2012 through July 5, 2019 ("Relevant Class Period").

You are a member of the "Collective" if you were employed by NAPW anywhere in the United States to sell memberships to the National Association of Professional Women or the International Association of Women between June 20, 2015 and July 5, 2019 ("Relevant Collective Period") **and** submitted a timely consent to join form that was filed with the Court.

## 2. What is a Class and Collective Action?

A class and collective action refer to lawsuits where one or more people sue not only for themselves, but also for other people who have similar claims. Members of the "Class" are seeking unpaid wages under New York State law. Unless you take action to exclude yourself, you are a member of the "Class" if you worked in New York and meet the Class definition. Members of the "Collective" are seeking unpaid wages under Federal law. You are a member of the "Collective" if you worked anywhere in the United States and affirmatively opted-in to the lawsuit by filing a timely consent to join form with the Court.

## 3. Why is There a Settlement?

Class Counsel performed a thorough investigation of Plaintiffs' claims, analyzing and evaluating the merits of the claims made against Defendants in this action through reviewing documents and information exchanged by the parties, interviewing witnesses, speaking with Plaintiffs, and deposing Defendants. Class Counsel also evaluated Defendants' financial ability to pay a judgment should Plaintiffs prevail at trial. The parties participated in extensive negotiations, including a mediation with a private mediator and a settlement conference with the Magistrate Judge. Based upon Plaintiffs and Class Counsel's evaluation of the strengths and weaknesses of this action, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel and Plaintiffs entered into this proposed settlement. Class Counsel and Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Class and Collective Members.

## 4.     How Much Will I Be Paid if I Participate in the Settlement?

If you elect to participate in the settlement your allocated share of the settlement shall be determined by the following formula and allocation mechanisms:

1. The Claims Administrator shall deduct all Court-approved attorneys' costs and fees, the service awards for Plaintiffs, and the Claims Administrators' costs and fees from the total Gross Settlement Amount of $700,000.00 to determine the Net Settlement Fund.

2. The Claims Administrator shall calculate the individual Class and Collective Member's proportionate allocated amount of the Net Settlement Fund. This allocation shall be calculated for each individual Class and Collective Member by:

   a. Calculating each Class and Collective Member's percentage share of the Net Settlement Fund by dividing the total days each Class or Collective Member was employed by NAPW during the applicable Relevant Class Period or Relevant Collective Period, whichever is longer, by the total days that all Class and Collective Members were employed, collectively, during the same period; and then,

   b. Multiplying each individual Class and Collective Member's percentage share by the Net Settlement Fund. The resulting individual allocations will only be made to those Class or Collective Members who submit timely and properly completed claim forms (as described in question 7 below) electing to participate in the settlement ("Authorized Claimants").

3. To the extent any funds remain in the Net Settlement Fund, those funds shall be allocated as follows:

   a. First, any remaining funds will be used to offset the employer share of payroll taxes attributable to each Authorized Claimant's allocation from the Net Settlement Fund. The amounts will be distributed proportionally in the same manner described in paragraph 2 above.

   b. Second, if any further funds remain in the Net Settlement Fund after the offset for the employer share of payroll taxes, those funds will be distributed to each Authorized Claimant proportionally in the same manner described in paragraph 2 above. Each Authorized Claimant shall be solely liable for any tax liability arising from additional payments made pursuant to this paragraph 3(b).

Class or Collective Members who were employed for fewer than four (4) total days will be excluded from this calculation and will not receive any settlement payments under this agreement.

If the Agreement is approved by the Court, settlement payments to Authorized Claimants will not be made until June 2026.

## 5. How Does This Settlement Impact the Claims in the Lawsuit?

If you elect to participate in the settlement (see Question 7 below) or if you do nothing, you will be bound by the terms of the settlement. This means that you will release (i) any claims for wages, including, but not limited to, overtime wages, (ii) any claims for failure to provide wage statements; (iii) any other claims raised in the Complaint; and (iv) any claims under the New York Labor Law, that you may have against Defendants and all other Releasees, as defined in the Agreement.

If you are a member of the Collective you will also release any federal wage claims you may have under the Fair Labor Standards Act against Defendants and all other Releasees, as defined in the Agreement.

## 6. Service Awards and Claims Administration Costs

The Settlement proposes that Named Plaintiff Deborah Bayne along with Melanie Farris receive a service payment of $5,000 each for their roles in this lawsuit. Both Ms. Bayne and Ms. Farris took a lead role in this litigation, dedicating substantial amounts of time and energy from the lawsuit's inception to resolution.

The estimated cost and fees to be paid to the Claims Administrator for mailing the settlement notice, tracking and recording Class and Collective Member participation, creating the settlement fund, computing individual allocations and tax liability, distributing settlement payments, and issuing year end tax forms is $22,245.50.

The Service Award and Claims Administration payments are all subject to Court approval.

## 7. How Do I Participate in the Settlement?

To receive a payment, you must timely complete and return by mail, e-mail or fax the enclosed (i) Claim Form, (ii) W-4 form, and (iii) W-9 form. Your Claim Form, W-4 and W-9 forms must be transmitted or postmarked on or before [**60 days after** mailing] at the following address:

ADMINISTRATOR
Address
phone number
e-mail address
fax number

If you do not properly complete and timely mail your Claim Form and W-4 and W-9 forms, your settlement payment may be denied.

You will need to deposit or cash your settlement check within 180 days after it is mailed to you. After the 180 day period (as determined by the postmark on the envelope the check was mailed in) has expired, the settlement check will be void and you will not be entitled to recover any funds from this settlement.

## 8.   How Do I Exclude Myself From The Settlement?

If you do not wish to participate in this proposed settlement, but you want to keep the right to sue or continue to sue Defendants and/or the Releasees (as defined in the Agreement) on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail, e-mail, or fax a written, signed statement to the Claims Administrator stating "I opt-out of the NAPW class action lawsuit" or words to that effect which clearly express your desire to exclude yourself from this settlement ("Opt-out Statement"). You must include your name, address, and telephone numbers in the Opt-out Statement. To be effective, the Opt-out Statement must be mailed, e-mailed, or faxed to the Claims Administrator with a postmark or transmission date on or before [**60 days from mailing**] at the following address:

ADMINISTRATOR
Address
phone number
e-mail address
fax number

If you exclude yourself from the settlement, you will not be entitled to a settlement payment or be allowed to object to the settlement as described in paragraph 10 below.

## 9.  Do I Have a Lawyer in This Case?

The law firm of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, www.vandallp.com, represent the Named Plaintiff, Collective Members and have been appointed by the Court as Class Counsel to represent the Class Members. You will not be charged separately for these lawyers. Their fees are being paid from the Gross Settlement Amount, as described below. If you wish to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment for attorneys' fees plus reimbursement of reasonable out-of-pocket costs and expenses. This amount shall not exceed $233,333.33 and will be paid from the Gross Settlement Amount. The fees would pay Class Counsel for all work that they have performed in this action including filing papers, engaging in discovery, reviewing documents, taking and defending depositions and negotiating and overseeing the settlement.

## 10.  How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement. You cannot object if you have opted-out of the settlement.

To object, you must mail, e-mail, or fax a letter saying that you object to the settlement. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, email address, and telephone number.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. Your objection will not be heard unless it is transmitted or postmarked on or before [**60 days**] at the following address:



ADMINISTRATOR
Address
phone number
e-mail address
fax number

The Claims Administrator will share your objection with Class Counsel and Defendants' counsel and your objection will be filed with the Court.

## 11. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. You will still be bound by the settlement if it is approved by the Court. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time (see Question 10), the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you have timely objected in writing as described above and notified the Court of your intention to appear at the Fairness Hearing.

## 12. When and where will the Court decide whether to approve the settlement?

The Fairness Hearing will take place at _____ __.m. on _____ 202__, at _____. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. *You are not required to appear at the Fairness Hearing*, but you may attend if you wish to observe or if you have an objection and requested the opportunity to be heard. If there are properly submitted objections, the Court will consider them. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**13.  Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing or contacting Jack Newhouse, Esq. or Michele Moreno  at (212) 943-9080, Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor,  New York, New York, 10004, www.vandallp.com.

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS
ABOUT THE SETTLEMENT**

# Exhibit B

# CLAIM FORM

**YOU MUST COMPLETE THIS FORM IF YOU WISH TO PARTICIPATE IN THIS SETTLEMENT**

You are encouraged to read the Notice of Proposed Settlement of Class Action (the "Notice"), which accompanies this Claim Form. To participate in this settlement, you must mail, e-mail or fax this claim form, and completed W-4 and W-9 forms to the below Claims Administrator and these properly-completed forms must be received by the Claims Administrator on or before [**60 days from Mailing**] (the "Claim Bar Date") to:

**Claims Administrator**
**_____, NY**
**Phone**
**Fax**
**email**
**RE: NAPW Class Action**

**IF YOUR CLAIM FORM, W-4 OR W-9 FORMS ARE INCOMPLETE OR IF YOUR FORMS ARE NOT POSTMARKED OR TRANSMITTED TO THE CLAIMS ADMINISTRATOR BY THE CLAIM BAR DATE, YOU WILL BE PROHIBITED FROM PARTICIPATING IN THIS SETTLEMENT, UNLESS OTHERWISE AGREED UPON BY THE PARTIES OR THEIR COUNSEL IN ACCORDANCE WITH THE SETTLEMENT AGREMENT.**

> **THIS CLAIM FORM AND THE ENCLOSED W-4 AND W-9 FORMS MUST BE MAILED TO THE CLAMS ADMINISTRATOR AND POSTMARKED ON OR BEFORE [60 Days from Mailing]**

_____
**(Print First, Middle, Last Name)**

_____   _____   _____
              **Address**                          **Phone Number**              **E-mail Address**

By signing this Claim Form, I consent to participate in this settlement of this action against NAPW, Inc. and Professional Diversity Network, Inc. ("Defendants") for alleged unpaid overtime compensation and alleged failing to provide accurate wage statements.  I hereby release, each on my own behalf (and on b ehalf of my current, former and future heirs, spouses, executors, administrators, agents, assigns, and attorneys) Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, and for each of the foregoing, all of their respective shareholders, owners, officers, directors, employees, members, co-joint ventures, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any and all debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, interest, penalties, actions, or causes of action, whether known or unknown, which they ever had, now have, or may have against them at any time from the beginning of the world through the end of the Class Period, regarding any of the following: (i) any claims for wages, including, but not limited to, overtime wages, (ii) any claims for failure to provide accurate wage statements; (iii) any other claims raised in the Complaint; and (iv) any claims under the New York Labor Law.

If I am a member of the FLSA Collective Action, then by signing this Claim Form, I also consent to forever and fully releases the Releasees from all Fair Labor Standards Act claims, including any costs, expenses, attorneys' fees, liquidated damages, punitive damages, interest, penalties, or other damages.

SIGNATURE:_____

DATE: _____

# Exhibit C

DEBORA BAYNE, and all other persons similarly situated,

Plaintiff,

vs.

NAPW, INC. *d/b/a* National Association of Professional Women and *d/b/a* International Association of Women, and PROFESSIONAL DIVERSITY NETWORK, INC. *d/b/a* National Association of Professional Women and *d/b/a* International Association of Women,

Defendants.

Docket No.:
18-cv-3591(MKB)(MMH)

**WHEREAS,** Plaintiffs, by their attorneys, Virginia & Ambinder LLP having moved this Court for an Order granting Preliminary Approval of Settlement and to set a hearing for final approval of the settlement, and Defendants, through their attorneys, Dinsmore & Shohl LLP, are not opposing the motion.

**NOW**, upon reading the Declaration of _____, Esq. sworn to on _____, with annexed exhibits, and Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, the Court preliminarily approves the terms and conditions of the Joint Settlement Agreement and Release entered into by the Parties and submitted with the Motion (the "Settlement Agreement" or "Agreement"), and hereby finds and orders:

1. Capitalized terms not otherwise defined in this Order shall have the definitions assigned to them in the Settlement Agreement.

2. That the proposed Settlement Class consists of the following: all sales representative employed in New York to sell memberships for the National Association of Professional Women and the International Association of Women from June 20, 2012 through July 5, 2019.

3. The proposed FLSA Collective consists of the following: all individuals who filed timely consent to join forms.

4. Within fifteen (15) calendar days following entry of this Order, Defendants will provide the Claims Administrator with a list of the names, last known addresses,

1

and dates of employment for all members of the proposed Settlement Class and Collective.

5.      Plaintiffs shall direct the Claims Administrator to mail to Class Members the proposed Class Notice in the form attached to the Settlement Agreement as Exhibit A, together with the proposed Claim Form in the form attached to the Settlement Agreement as Exhibit B, along with IRS Forms W-4 and W-9 within sixty (60) calendar days following entry of this Order.

6.      The deadline for any Class Member to opt-in, opt-out, or object to the Settlement Agreement shall be sixty (60) days from the date the Notice and Claim Form are mailed to the Class and Collective Members. Plaintiffs shall direct the Claims Administrator to calculate this deadline and clearly indicate it where applicable on the Notice and Claim Forms.  Extensions of this deadline are permitted in accordance with the terms of the Settlement Agreement, pursuant to agreement between the parties, or as the Court otherwise directs.

7.      Any Class Member who wishes to present objections to the Settlement Agreement at the Fairness Hearing must first set them forth in a written statement, which must be mailed, e-mailed, or faxed to the Claims Administrator and postmarked or transmitted within sixty (60) days of the mailing of the Notice and Claim Form. With its Motion for Final Approval, Plaintiffs shall file with the Court all objections received.  Upon request, an objector may also appear and be heard at the Fairness Hearing either in person or through counsel.  Objections may be withdrawn at any time.  Plaintiffs and/or Defendants may file with the Court a written response to any filed objections no later than four (4) calendar days before the Fairness Hearing.

8.      This Court shall hold a Fairness Hearing to determine the fairness of this settlement, as set forth in the Settlement Agreement, on _____ at _____:_____ (*at least 175 calendar days after the date of entry of this Order*). The date and time of the Fairness Hearing shall be set forth in the Class Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

9.      The Class Notice is the only notice required and constitutes the best notice practicable under the circumstances, and such Class Notice constitutes valid, due and sufficient notice to the Class Members, complying fully with the requirements of due process and applicable state and federal law, the United States Constitution, and any other applicable law.

10.    The Class Notice, the Claim Form and blank IRS Forms W-4 and W-9 shall be sent by the Claims Administrator to all Class Members for whom it has mailing addresses via First Class United States Mail, in accordance with the terms of the Settlement Agreement.

IT IS SO ORDERED.

_____
Margo K. Brodie, U.S.D.J.
United States District Judge

Date: _____